[No. 1055.    February 4, 1911.]

SOLOMON LUNA, Plaintiff in Error, v. CERRILLOS COAL RAILROAD COMPANY, Defendant in Error.

### SYLLABUS (BY THE COURT).

1. If, at the trial of a cause without a jury in a District Court, the party requests the court to make findings of fact as provided by Section 2999, C. L. 1897, and in any appropriate way, before the rendition of the judgment, makes known to the court that he desires specific findings, and on what points he desires them, the court should make findings of the essential or determining facts on which its conclusion in the case was reached, specific enough to enable this court to review its decision on the same ground on which it was made.

Error to the District Court for the County of Santa Fe, JOHN R. McFIE, Associate Justice. Reversed and remanded.

FRANK W. CLANCY for Plaintiff in Error.

The so-called findings of fact are insufficient. C. L. 1897, sec. 2999; C. L. 1884, sec. 2060; Laws 1887, page 216; Lynch v. Grayson, 5 N. M. 493; Hathaway v. Bank, 134 U. S. 497; Mammoth Co. v. Salt Lake Co., 151 U. S. 447; Haws v. Victoria Co., 160 U. S. 304; Chicago Tyre Co. v. Spalding, 116 U. S. 542; Allen v. St. Louis Bank, 120 U. S. 30; Smith v. Sac County, 11 Wall. 147; Young

v. Amy, 171 U. S. 184; Runkle v. Burnham, 153 U. S.
217; Neslin v. Wells, 104 U. S. 429; Saltonstall v. Birt-
well, 150 U. S. 418; Chesapeake Ins. Co. v. Stark, 6
Cranch. 268; Barnes v. Williams, 11 Wheat. 415; Norris
v. Jackson, 9 Wall. 127; Burr v. Navigation Co., 1 Wall.
102; Norris v. Jackson, 9 Wall. 127; McClure v. U. S.,
116 U. S. 151; Ward v. Cochran, 115 U. S. 599; Duncan
v. The Francis Wright, 105 U. S. 387; Greene v. Wil-
liams, 21 Kas. 68; Lynch v. Grayson, 5 N. M. 493; Haight
v. Tyron, 112 Cal. 6; Edgar v. Stevenson, 70 Cal. 287;
Wunderlin v. Cadogan, 75 Cal. 618; Prince v. Lynch, 38
Cal. 530; Tewksbury v. Magraff, 33 Cal. 246; Miller v.
Steen, 30 Cal. 407; Hidden v. Jordan, 28 Cal. 305; Wrig-
glesworth v. Wrigglesworth, 45 Wis. 257; Mead v. Super-
visors, 41 Wis. 209; Williams v. Lumber Co., 72 Wis.
489; Wetzler v. Duffy, 78 Wis. 174; Catlin v. Henton, 9
Wis. 492; Sanford v. McCreedy, 28 Wis. 107; Munroe
Water Co. v. Frenchtown, 98 Mich. 436; Seeley v. Al-
brecht, 41 Mich. 527; People v. Littlejohn, 11 Mich. 62;
Kahn v. Smelting Co., 2 Utah 382; Bradbury v. Bedbury,
31 Minn. 163; Huklin v. McClear, 18 Ore. 138; Noland
v. Bull, 24 Ore. 481; Eakin v. McCraith, 2 Wash. Ter.
117; Searcy County v. Thompson, 66 Fed. 96; Chatham
Furnace Co. v. Moffatt, 147 Mass. 406; Parham v. Gibbs,
24 Tenn. 296; Moore v. Barnett, 17 Ind. 349; Miller
v. Linly, 1 Ind. App. 6; Stumph v. Miller, 42 Ind. 142;
People v. Littlejohn, 11 Mich. 60; Bank of Fort Worth
v. Stout, 61 Tex. 567; Hartlep et al v. Cole, 120 Ind.
247; Brundage v. Deschler, 131 Ind. 174; Hamilton v.
Armstrong, 20 S. W. 1054; Smith v. Gale, 144 U. S.
510; Mining Co. v. Taylor, 100 U. S. 37; Levins v.
Rovegno, 71 Cal. 275.

Spanish church records are evidence of the highest
character. Blackburn v. Crawford, 3 Wall. 175; 1 Green-
leaf on Evidence, sec. 493; Starkie on Evidence, 297;
Jones on Evidence, sec. 522; Wharton on Evidence, sec.
649; U. S. v. Chaves, 159 U. S. 459; Fremont v. U. S.,
17 How. 557; U. S. v. Perot, 90 U. S. 428; Crespin v. U.
S., 168 U. S. 212; Diccionario of Escriche, vol. 2, ed.
1847, title "Registro Parroquial," page 806; Title "Naci-

Luna v Coal R. R. Co., 16 N. M. 71.

miento" 630; title "Muerte" 622; title "Libros Parro-
quiales" 628; C. L. 1897, sec. 3030; R. R. Co. v. McGlinn,
114 U. S. 542.

Evidence insufficient to support defense under statute
of limitations. Catron v. Laughlin, 11 N. M. 638; Trotter
v. Cassady, 13 Am. Dec. 184; Barret v. Coburn, 3 Met.,
Ky. 513; Forward v. Deetz, 32 Pa. St. 72; Freeman on
Co-Tenancy and Partition, sec. 221; Adams v. Ames
Iron Co., 23 Conn. 235; Newell v. Woodruff, 30 Conn.
498; Warfield v. Lindel, 38 Mo. 581; 30 Mo. 283; Prescott
v. Nevers, 4 Mason C. C. 330; Thorton v. York Bank,
45 Mo. 161; Bailey v. Trammell, 27 Tex. 328; Chandler
v. Ricker, 49 Vt. 128; Buckmaster v. Needham, 22 Vt.
617; Roberts v. Morgan, 30 Vt. 617; Leach v. Beattie,
33 Vt. 195; Owen v. Morton, 24 Cal. 373; Wommack v.
Whitmore, 58 Mo. 448; Squires v. Clark, 17 Kas. 84;
Ball v. Palmer, 81 Ill. 370; Shumway v. Holbrook, 11
Am. Dec. 153; 13 Am. Dec. 140; McClurg v. Ross, 5
Wheat. 124; 1 Washb. Real Prop. 656; Brown v. Hogel,
30 Ill. 119; Bush v. Huston, 75 Ill. 344; Ball v. Palmer,
81 Ill. 370; Sontag v. Bigelow, 142 Ill. 144; Newell v.
Woodruff, 30 Conn. 497; Roberts v. Morgan, 30 Vt. 323;
Proprs. Kennebeck Purchase v. Springer, 4 Mass. Rep.
416; Small v. Proctor, 15 Mass. Rep. 495; Bates v. Nor-
cross, 14 Pickering 227.

Where there are two confirmations of imperfect titles,
the earlier confirmation takes the land regardless of the
respective dates of the original title. Willot v. Sanford,
19 How. 79; LesBois v. Brammell, 4 How. 464; Henshaw
v. Bissell, 18 Wall. 255; Miller v. Dale, 92 U. S. 474;
Trenier v. Stewart, 101 U. S. 797; Adam v. Norris, 103
U. S. 591; U. S. v. McMasters, 4 Wal. 680; U. S. v. Hal-
let, 1 Wal. 439; U. S. v. Hancock, 133 U. S. 193; U S.
v. Fossatt, 21 How. 449; Lafayette v. Kenton, 18 How.
199; Tameling v. U. S. F. Co., 93 U. S. 644; Comstock
v. Crawford, 3 Wal. 396; Avegno v. Schmidt, 113 U. S.
293; Vanfleet on Collateral Attack, secs. 568, 570; U. S.
v. Chaves, 175 U. S. 509.

THOMAS B. CATRON for Defendant in Error.

Findings of fact were sufficiently specific. C. L. 1897, sec. 2999; C. L. 1884, sec. 2060.

In the absence of a request for a specific finding of a particular fact no objection can be taken to a finding of ultimate facts which embrace the whole issue. Miller v. Stein, 84 Cal. 127; Prince v. Lynch, 38 Cal. 536; Tewksbury v. Magriff, 33 Cal. 237; Miller v. Steen, 30 Cal. 402; Hidden v. Jordan, 28 Cal. 305; Wunderlee v. Cadogan, 75 Cal. 286; Edgar v. Strum, 71 Cal. 286; Kahn v. Smelting Co., 2 Utah 382; Bradbury v, Bedbury, 31 Minn. 163; Noland v. Bull, 24 Ore. 479; Eakin v. McCrath, 2 Wash. Ter. 113; Monroe Co. v. Frenchtown, 98 Mich. 436; Williams v. Lumber Co., 45 Wis. 255; Kellogg v. Bessantz, 51 Kas. 418; Typer v. Sooy, 19 Kas. 596; People v. Littlejohn, 11 Mich. 61; Searcy Co. v. Thompson, 66 Fed. Rep. 96; Huklin v. McCleor, 18 Or. 138; Chatham Co. v. Furnace, 147. Mass. 406; Williams v. Lumber Co., 72 Wis. 487; Wetzler v. Duffy, 78 Wis. 174; Bainter v. Fults, 15 Kas. 330; Green v. Williams, 21 Kas. 64; Wrigglesworth v. Wrigglesworth, 45 Wis. 255; Parham v. Gibbs, 84 Tenn. 296; Moore v. Barnett, 17 Ind. 349; Miller v. Linly, 1 Ind. App. 6; Stemph v. Miller, 142 Ind. 142; People v. Littlegon, 11 Mich. 60; Bank of Fort Worth v. Stout, 61 Tex. 567; Hartlep et al v. Cole, 120 Ind. 247; Brundage v. Deschler, 131 Ind. 174; Hamilton v. Armstrong, 20 S. W. 1054.

Plea of the statutes of limitation was unnecessary and surplusage. C. L. 1897, sec. 3165; Hogan v. Kuntz, 94 U. S. 775; Reynolds v. Cook, 83 Va. 817; Sheldon v. VanVlick, 106 Ill. 45; Stubblefield v. Borders, 92 Ill. 287; Meiskoph v. Dibble, 18 Fla. 24; Horne v. Carter, 20 Fla. 45; Barco v. Fennell, 24 Fla. 380; Miller v. Beck, 68 Mich. 78; Holmes v. Kring, 93 Mo. 455; Fairbanks v. Long, 91 Mo. 631; Stocker v. Green, 94 Mo. 280; Bird v. Sellers, 113 Mo. 588; Kyser v. Cannon, 29 Ohio St. 361; Rhodes v. Gunn, 35 Ohio St. 391.

Pleadings and what they should contain. Phillips on Court Pleadings, secs. 11, 184, 185; C. L. 1897, secs. 2685, sub-sec. 32, 107, sec. 3164; 1 Chitty's Pl., 15 ed. 213; Cotton Oil Co. v. Shamblin, 101 Tenn. 263; Burn-

ham v. Ross, 47 Me. 459; Kilpatrick Dry G. Co. v. Pax, 13 Utah, 597; Smith v. Cottrell, 8 Bax., Tenn. 63; 22 A. & E. Enc. 837.

A finding of probative facts from which there can be but one conclusion as to the ultimate fact is good. Morris v. Jackson, 9 Wall. 127; 8 P. & P. 941, note 1; Van Riper v. Baker, 44 Ia. 450; McEwan v. Johnson, 7 Cal. 258; Breeze v. Doyle, 19 Cal. 105; Osment v. McElrath, 68 Cal. 466; Moore v. C. L. W. Works, 68 Cal. 146; Mach v. Works, 76 Cal. 305; Padden v. Goldbaum, 37 Pac. 759; McFadden v. Friendly, 9 Or. 224; Dougherty v. Ward, 89 Cal. 81; Knudson v. Curley, 30 Minn. 433; School District No. 73 v. Wraybeck, 31 Minn. 77; Caywood v. Farrell, 175 Ill. 481; Hamilton v. Spokane, 3 Idaho 167; Miller v. Smith, 7 Idaho 205; Downer v. Saxton, 17 Wis. 20; Trudo v. Anderson, 10 Mich. 357; Conlon v. Grace, 36 Minn. 276; Farmers L. & T. Co. v. Railway Co., 127 Ind. 250; People v. Hagar, 52 Cal. 171; Coveny v. Hale, 49 Cal. 552; Miller v. Luco, 80 Cal. 257; Carey v. Brown, 58 Cal. 180; Williams v. Hall, 79 Cal. 606; Myer v. School Dis., 4 S. Dak. 427; Union C. S. M. Co. v. Taylor, 100 U. S. 342; Merchants Ins. Co. v. Allen, 121 U. S. 72; Smith v. Gale, 144 U. S. 525; Duncan v. The Francis Wright, 105 U. S. 387; McGuire v. Lamb, 2 Idaho 378; Wilkinson v. Bethel, 13 Idaho 746; Ybarra v. Sylvaney, 31 Pac. Rep. 1114, Cal; Daly v. Socorro, 80 Cal. 367; Ervin v. Brady, 48 Mo. 561; Trope v. Kurns, 20 Pac. Rep. 84; Dyer v. Brogan, 70 Cal. 136; Malone v. County of Del Norte, 77 Cal. 218; Roberts v. Haley, 65 Cal. 402; Courtney v. Fortune, 57 Cal. 617; Porter v. Woodward, 57 Cal. 535; Hawes v. Clark, 84 Cal. 272; Dolliver v. Dolliver, 94 Cal. 642; Posachane Co. v. Standart, 97 Cal. 476; Malone v. Bosch, 104 Cal. 680; Tage v. Alberts, 2 Idaho, 249; Collins v. Dressner, 133 Ind. 290; McCandliss v. Kelsey, 16 Kas. 557; Bradbury v. Bedbury, 31 Minn. 163.

Admissibility of church records to prove genealogy or pedigree. C. L. 1897, secs. 2171, 3030; 4 Elizondo Pract. Univ. 243; Meyer on Vested Rights, sec. 380; Hickox v. Tillman, 38 Barb. 608; Fales v. Wadsworth.

23 Mo. 553; Sanders v. Greenstreet, 23 Kas. 425; Howard v. Moot, 64 N. Y. 262; Hand v. Ballou, 2 Kern 541; Cooley Con. Lim., sec. 367; Childers v. Cutter, 16 Mo. 45 Greenleaf Ev., sec. 115; Blackburn v. Crawfords, 3 Wall. 189.

It must appear that plaintiff had perfect grant. 20 A. & E. Enc. 715; Dow v. Howland, 8 Cow. 284.

A grant may be made by law as well as by patent pursuant to law. Tamerling v. Freehold Land & E. Co., 93 U. S. 663.

All deeds must be construed by a consideration of all of their parts and so as to give effect to every part thereof. Doren v. Gillum, 136 Ind. 140; Carson v. McCaslin, 60 Ind. 334; Edwards v. Beal, 75 Ind. 410; Prior v. Quakenbush, 29 Ind. 475; Wagner v. Wagner, 1 S. & R. 374; Henderson v. Mack, 82 Ky. 380; Collins, Adm. v. Lavelle, 44 Vt. 233; Flagg, Adm. v. Eames, 40 Vt. 16.

Acts of ownership amounted to disseisin of any cotenants. Fouke v. Bond, 41 N. J. L. 537; Prescott v. Nevers, 4 Mason 326; Bigelow v. Jones, 10 Pick. 161; Kittredge v. Lock Co., 17 Pick. 246; Parker v. Prop., 3 Met. 91; Marcey v. Marcey, 6 Metc. 360; Jackson v. Brink, 5 How. 483; Clapp v. Bromagham, 9 Cov. 531; Bradstreet v. Huntington, 5 Pet. 402; 5 Burr. 2604; 1 Atk. 493; 2 Atk. 632; Doe v. Reid, 11 East. 51; Richards v. Williams, 70 Wheat. 60; Doe v. Prosser, Cowp. 217; Bradstreet v. Huntington, 6 Pet. 439; Pawlett v. Clark, 4 Pet. 504; Williams v. Watkins, 3 Pet. 53; Thomas v. Pickering, 13 Me. 353; Alexander v. Kennedy, 19 Tex. 492; Law v. Patterson, 1 W. & S. Pa. 184; Crozier v. Andrews, 11 Tex. 170; Portis v. Hill, 3 Tex. 273; DeLeon v. McMurray, S. E. Rep. 1038; Pucket v. McDaniel, 28 S. E. Rep. 360; Mayes v. Manning, 73 Tex. 46; Church v. Waggoner, 78 Tex. 203; Long v. Stapp, 49 Mo. 508.

Running of Statute of Limitation in favor of defendant was not interrupted. Ballard v. Hansen, 33 Neb. 861; Bell v. Denson, 56 Ala. 444; Rayner v. Lee, 21 Mich. 384; Stettnische v. Lamb, 18 Nev. 619; Hughes v. Pickering, 14 Pa. St. 297; Hudgins v. Crowe, 32 Ga. 367; Fugate v. Pierce, 49 Mo. 441; Crispen v. Hanavan, 50

Luna v Coal R. R. Co., 16 N. M. 71.

Mo. 536; DeLavega v. Butler, 47 Tex. 529; Harper v. Tapley, 35 Miss. 506; Haywood v. Thomas, 17 Nev. 238; Valley Co. v. Coppinger, 32 S. W. 442; Foundry Co. v. Cole, 130 Mo. 1; Pemberton v. King, 2 Nev. 276; Holmes v. Tremper, 20 John. 29; Railroad v. Kent & Co., 30 Md. 347.

The burden to show such occupation as to defeat statute of limitation is on plaintiff. 1 A. & E. Enc. 870; Sdg. & Waite Tr. Tit. to L., sec. 753; Hubbard v. Barry, 21 Cal. 221; Whitford v. Drexel, 118 Ill. 600; Schulz v. Arnot, 33 Mo. 172; Jackson v. Vermilyea, 6 Cow. 677; Shumway v. Phillips, 22 Pa. St. 151; Ralph v. Bayley, 11 Vt. 521; Tapscott v. Cobbs, 11 Grat. 172; Goewey v. Urig, 18 Ill. 238; E. St. L. Co. v. Nugent, 147 Ill. 254; Williams v. McAliley, Cheves, S. C. 200; Owen v. Goode, 3 Storb. S. C. 474; Davis v. White, 27 Vt. 751; Hodges v. Eddy, 38 Vt. 327; Hunt v. Wickliffe, 2 Pet. 212; Green v. Liter, 8 Cr. 229; McClain v. Smith, 106 N. C. 172; Green v. Harman, 4 Dev. N. C. 158; Hunnicut v. Peyton, 102 U. S. 333; Cline v. Catron, 22 Grat. 378; Turpin v. Saunders, 32 Gratt. 27; Messer v. Reginnitter, 32 Ia. 312; Rayner v. Lee, 20 Mich. 386; Cowles v. Hall, 90 N. C. 333; Elder v. McCloskey, 37 U. S. C. C. App. 37; New. on Eject., sec. 49; Duren v. Sinclair, 37 S. C. 366; Bell v. Dennison, 56 Ala. 444; Whalley v. Small, 29 Ia 290; Both v. Small, 25 Ia. 178; Society v. Pawlet, 4 Pet. 510; Howerson v. Griffin, 5 Pet. 157; Harvey v. Tyler, 2 Wall. 349; Byers v. Dauley, 27 Ark. 93; Ewing v. Burnett, 11 Pet. 52; Taggart v. Stanberry, 2 McL. 543; Thompson v. Felton, 54 Cal. 551; Pease v. Lawson, 33 Mo. 42; Ang. on Lim. 400; Kirk v. Smith, 9 Wheat. 288; Jackson v. Porter, 1 Paine, C. C. R. 457; Burnside v. Hune, 78 Ala. 138; Kincheloe v. Tracewells, 11 Grat. 588; Little v. Downing, 37 N. H. 367; Jackson v. Demont, 9 John. 55; Bradstreet v. Huntington, 5 Pet. 435; Dearmond v. Broking, 37 Ga. 5; Child v. Conley, 39 Ky., 9 Dana 385; Ring v. Gray, 6 B. Mon. 368; Swager v. Crutchfield, 9 Bush. 411; Jackson v. Vrendenburg, 1 John. 159; Williams v. Jackson, 5 John. 489; Van Vorhis v. Kelley, 65 How. Prac. 300; Nason v. Blaisdell, 17 Vt.

216; McMahan v. Bowe, 114 Mass. 140 S. C. Am. R. 321; Den v. Geiger, 9 N. J. L. 225; Livingston v. Proseus, 2 Hill 526; Poor v. Horton, 15 Barb. 485; Howard v. Howard, 17 Barb. 663; Hamilton v. Wright, 37 N. Y. 502; Brinley v. Whiting, 22 Mass., 5 Pick. 348; Tabb v. Baird, 3 Cal. 475; Phelps v. Sage, 2 Day 151; Michael v. Nutting, 1 Smith, Ind. 481; Stockton v. Williams, 1 Doug. 546; Van Housen v. Benham, 15 Wend. 164; Kenada v. Gardner, 3 Barb. 589; Hotchkiss v. R. R. Co., 26 Barb. 600; Wilson v. Nance, 30 Tenn., 11 Hump, 189; Key v. Snow, 90 Tenn. 603; Rood v. Willard, Brayt. 66; Edwards v. Roys, 18 Vt. 473; University v. Josyln, 21 Vt. 52; Hotkins v. Ward, 6 Munf. 38; Early v. Garland, 13 Grat. 1.

### STATEMENT OF THE CASE

This is an action of ejectment brought to recover an undivided interest in the Mesita de Juana Lopez Grant. The complaint is in the form prescribed by statute, and, omitting the caption, is as follows: "Solomon Luna, a resident of the County of Valencia in the Territory aforesaid, complains of Cerrillos Coal Railroad Company, a corporation, in a plea of ejectment: For that whereas, heretofore, to-wit, on the 15th day of January, 1898, at the County of Santa Fe, aforesaid, plaintiff was entitled to the possession of that certain piece or parcel of land situated in the county of Santa Fe aforesaid and commonly known as, and called, the grant of the Mesita de Juana Lopez, being the same tract of land covered by private land claim No. 64, which was confirmed by an Act of Congress of the United States, approved January 28, 1879, which appears at page 592 of Volume 20, Chapter 3, of U. S. Statutes at Large; and afterwards, to-wit, on the day and year aforesaid, at the county aforesaid, defendant entered into said premises and unlawfully withheld and thence hitherto has unlawfully withheld, and still does unlawfully withhold, from plaintiff possession thereof, to his damage in the sum of $25,000; wherefore plaintiff brings suit and prays judgment for recovery of the possession of said premises and for the sum of $25,000, his

damages aforesaid and costs." The defendant pleaded not guilty, traversed the allegations of the complaint, but admitted possession of a portion of the grant, alleging that it had had rightful possession of such portion for more than ten years prior to January 15, 1898. It also pleaded the statute of limitations as a defense in different ways. The plaintiff replied, traversing the new matter set up by the defendant.

By agreement, the case was tried by the court without a jury, and the issues submitted were limited to the question of title raised by the pleadings, and no evidence was taken of the value of improvements of the mesne profits. At the trial it was developed that the plaintiff claimed under purchases from descendants of Apolonia Romero and Patricio Romero, who the plaintiff undertook to prove were children of Domingo Romero, one of the three to whom the grant was originally made in 1782. This the defendant denied. The defendant introduced evidence in support of its alleged right of possession of the Mesita de Juana Lopez Grant, and also through the Ortiz Mine Grant which was in conflict with the first named grant, to the extent of between eleven thousand and twelve thousand acres. It also introduced evidence in support of its defense under the statute of limitations.

At the trial the plaintiff requested the court to give its decision in writing, to be filed with the Clerk, and to "find the facts and give its conclusions of law pertinent to the case, in accordance with the requirements of Section 2999, C. L. 1897," and the court thereupon gave its decision and made its findings in writing as follows: "The above entitled cause having been tried before the court without a jury, the same having been duly waived by the parties, and the testimony on behalf of each party having been heard, after due consideration of said testimony and arguments by the court, the court being fully advised in the premises, finds, as the facts in said cause: "That said plaintiff, Solomon Luna, was not, on the 15th day of January, 1898, or at the time of the commencement of said action, to-wit, on the 11th day of February, A. D. 1898, entitled to the possession of the property described

in the said declaration or complaint, or any part thereof; that said defendant was at the time of the commencement of said action in possession of the said property; that said defendant did not, on the 15th day of January, A. D. 1898, enter into the said premises and unlawfully withhold the same from the plaintiff, nor did said defendant at any time after said 15th day of January, A. D., 1898, unlawfully withhold the same from the said plaintiff, nor did the defendant at the time of the commencement of said action unlawfully withhold the possession of said premises from said plaintiff in manner and form as alleged and charged against it in the declaration, or complaint, of said Solomon Luna, but that the said possession of said defendant of said property was lawful. As a conclusion of law the court finds: that plaintiff is not entitled to recover the possession of said property, or any part thereof, or any damages in said action, and that said defendant is not guilty of the said trespass or ejectment laid to its charge in manner and form as said Solomon Luna has complained against it.

"It is, therefore, considered by the court that said plaintiff take nothing by reason of the matters and things alleged in his said declaration or complaint, and that said defendant, the Cerrillos Coal Railroad Company, go hence without day and recover of said Solomon Luna its costs herein expended, to be taxed." The plaintiff objected and excepted on various grounds; one that the findings were not such as the statute contemplates, and specified numerous instances of failure to find facts alleged to be material. These objections the court overruled and the plaintiff excepted. He then filed a motion to have the findings made set aside and for a new trial, for the reason, with others, that, "The court erred in overruling the plaintiff's objections, and each of them, to the said findings of fact." The motion was denied, and the plaintiff duly excepted. All this was before judgment. Judgment was rendered on the findings made for the defendant, a bill of exceptions was allowed, and the case was brought to this court on a writ of error.

Luna v Coal R. R. Co., 16 N. M. 71.

## OPINION OF THE COURT.

ABBOTT, J.—We have first to determine whether the attorney for the plaintiff duly and seasonably made known to the trial court his desire to have the court make specific findings of fact. His written request was for findings required by the statute, Sec. 2999, C. L. 1897, without stating in so many words that he desired them to be specific. We understand the practice of the district courts of the Territory generally to be that in such cases, the trial judge asks the attorney who has requested findings, to make a draft of such findings as he desires, and submit it to the court and the opposing counsel. It does not appear that this course was followed in the present instance, but, instead, the court made the findings which have been cited from the record. To them the plaintiff's attorney filed objections so specific as fully to apprise the court of the findings he desired to have made, and when these objections were overruled, he excepted and moved to have the findings, which had been set aside, and for a new trial, on the ground, with others, that the findings were insufficient, which motions were overruled. All this was before judgment, and, we think, gave the trial court full opportunity to make specific findings, if it had thought proper to do so; and we think the plaintiff thereby became entitled to specific findings of fact, as he would have been upon a direct request for such findings. We are not unmindful of the many decisions from other jurisdictions brought forward in behalf of the defendant in support of its contention to the contrary. What we have to say on the subject, in discussing the other branch of the case, will apply in great measure on the question now under consideration. Besides the meaning of the provision in question has been twice considered by this court in recent cases. It was not necessary, in either case, to make a direct decision on the point now before us, but in Radcliff v. Chaves, 15 N. M. 258, the court said: "We have recently held in Bank of Commerce v. Baird Mining Co., 13 N. M. 431, that such failure (to file special findings of facts) where such findings are not specially requested, or the omission to make them called to the attention of

the court by some appropriate motion, cannot be availed of as error." By fair inference the meaning is that, if the attention of the court is properly directed to the omission, special findings should be made. We next inquire whether the findings made by the trial court satisfy the requirements of the statute when specific findings are requested. The material part of Section 2999 *supra,* is as follows: "Upon the trial of any question of fact by the court, its decision must be given in writing, and in such decision the court shall find the facts and give its conclusions of law pertinent to the case, which must be stated separately, but the finding of facts and the giving of conclusions of law may be waived by the several parties to the issue, by suffering default or by failing to appear at the trial, or by consent in writing, or by oral consent in open court, entered in the record. And upon the trial of any cause by the court, without a jury in common law cases, each party shall have the right to make all objections and take all exceptions that he might have made or taken, as if the trial had been before a jury; and upon a review, by a writ of error, in the supreme court, or by appeal, the said supreme court shall hear and determine the said cause in the same manner and with the same effect as if it had been tried before a jury."

The able and exhaustive brief for the defendant makes it clear that such findings have been held sufficient by some courts of last resort whose decisions are, in general, entitled to high respect. Indeed, we will not question that the weight of authority by decided cases is in favor of its sufficiency, and that the trial court, in view of that condition, was justified, in holding as it did on the question. But, by our decision in this case, we are to determine the practice for this jurisdiction on the point involved, as there has been no direct decision of the question by this court. Having a clean slate before us, what we are to write on it becomes of special importance. It should be dictated by reason, and not by precedent, if the two conflict. In the interest of uniformity and certainty, we must, of course, follow the decisions heretofore made by this court, until they are overruled, and the decisions

Luna v Coal R. R. Co., 16 N. M. 71.

of the United States courts, which have appellate jurisdictions of decisions of this court, are of controlling force for us. But the mere fact that some courts, somewhere, have decided a certain question a certain way, should not coerce our judgment or blind our vision of the question itself. By this it is not meant that we should throw away or disregard the results of the researches of the many strong men, the fruits of whose labors as judges are the valued possession of all who use them, but only that we should not subject our own judgments to the spell of reverence for precedent simply because it is precedent. In this case we have the statute before us. What does it mean? Doubt as to its construction would hardly have obtruded, unless invited. Once introduced in some one of the numerous appellate courts of the country, the force of precedent has been sufficient to keep it on its travels until it has now arrived here. Its language seems clear in the light of the decisions of this court in Lynch et al v. Grayson et al, 5 N. M. 487, where it was held that, as the statute then was, the district judge who tried the case without a jury was justified in his refusal to make any findings of fact whatever. This case was tried in the District Court of Dona Ana county in 1886, and at the next session of the Assembly, in 1887, the statute in relation to jury waived cases was amended by the addition to it quoted. It is alleged by counsel for the plaintiff in error, in his brief, that the amendment was made because of the refusal to make findings in the Grayson case, and it seems to be conceded by counsel for the defendant in error, in his brief, that such was the case. Both appear to have been counsel in the Grayson case, and should be familiar with what occurred in connection with it. Under such circumstances should we not presume that the legislature meant to make a law that would remedy the condition which had been found open to such strong objection. to make a change which would be useful instead of useless? If it was the legislative intention that a general finding for one party or the other should be sufficient, the amendment was useless, for that was the law before, as the court held in the Grayson case, *supra*. In its opinion in that

case the court quoted the statute in force at the time of the trial in the District Court, and said that there was then no statute requiring specific findings in such a case, evidently taking it for granted that the clear intention of the legislature to require such findings by law had been accomplished at the time of the decision in 1891. It is a cardinal principle of construction that the intention of a statute shall be carried into effect by the courts. "The intention of the legislature in enacting a law is the law itself and must be enforced, when ascertained, although it may not be consistent with the strict letter of the statute." Lewis Suth. Stat. Con., 2 ed., vol. 2, sec. 347; 36 Cyc. 1106. That such a statute with such a meaning is essential in the review of a cause by the appellate court, is well illustrated by the case at bar. The findings made amount to no more by way of information to this court than would a verdict of not guilty, if the case had gone to a jury. We should have to search through the record of upwards of four hundred pages, to determine whether it contains anything which will support the judgment of the District Court, and, having done that, we should still be in the dark as to whether what we might conclude to be the determining facts are those which the trial court treated as such; or, in other words, whether we are reviewing the findings of fact really made by the trial court, or substituting others made by ourselves. In effect, the findings made are conclusions of law from facts which must have been found by the trial court in order to reach the conclusions announced, but which are not disclosed. As it is said in the brief for plaintiff in error: "For aught that appears in the record, the court may have believed that plaintiff had proved a complete title to an undivided interest in the grant, and it may have decided in favor of defendant on the ground that no action or suit was begun within ten years next after the right to begin the same had accrued; or on the ground that it and its predecessors in title had had possession of land, for more than ten years, which had been granted by the Government of Spain; or that it and its predecessors in title had had the statutory possession for more than ten years under a claim of right,

and under deeds purporting to convey an estate in fee simple; or that it had had like possession under that grant known as the Ortiz Mine Grant; or that it had had like possession under a claim of right and under a grant made by an act of Congress of the United States, approved January 28, 1879." And this list does not exhaust the reasonable possibilities of the case. Of the practical need of specific findings of fact in such cases, there can be no question. Ward v. Cochran, 150 U. S. 599, 606-8; Duncan v. The Francis Wright, 105 U. S. 387; secs. 649, 700, U. S. Revised Laws. "And these findings must be of the ultimate facts which the evidence is intended to establish, sufficient in themselves without inference or comparison, or the weighing of evidence, to justify the application of the legal principles which must determine the case." Burr v. Railroad & Navigation Co., 1 Wall. 102; McClure v. United States, 116 U. S. 151; Saltonstall v. Birtwell, 150 U. S. 418.

We conclude, then, that this court must either retry the case on all the evidence in the record, or remand it for specific findings of fact. Even if we were disposed to take the former course, and had the right to take it, it would not be just to the parties, since we should lack the great aid to judgment on the value of evidence, as to material facts in the case, which the trial court had through the presence before it of the witnesses as they gave the evidence. And if this case should be appealed to the Supreme Court of the United States, it is made clear by the opinion of the court in the Grayson case, *supra,* which appears under the title cited in 163 U. S. 468, that special findings which we should be practically unable to make would be absolutely essential to any adequate review of the case. The judgment of the District Court is reversed, and the case remanded for further proceedings in conformity to this opinion.