[No. 2499.    Aug. 30, 1923.]

## LUNA v. CERRILLOS COAL R. CO.

### SYLLABUS BY THE COURT

1.   Where a cause is reversed and remanded upon appeal, and the lower court thereafter, and prior to the receipt of the

mandate, makes findings of fact and conclusions of law upon which judgment is rendered, and subsequently thereto, and after the mandate has been presented to the lower court, another order is made adopting and confirming such former findings, conclusions, and judgment, the complaint that the original findings, conclusions, and judgment are void because made and entered before receipt of the mandate is untenable, because such error is cured by the subsequent order.

2.   Under the provisions of section 8 of article 22, of the Constitution, all officers holding office at the time the territory was admitted into statehood continued to hold the same and to exercise the functions thereof until superseded by their successors duly elected or appointed under statehood had duly qualified.

3.   This court will take judicial notice of the persons holding the office of judge of the district court in the various judicial districts of the state, their respective terms of office, the respective dates upon which they qualify, as well as the respective dates upon which they cease to hold such offices.

4.   Under this doctrine, Hon. John R. McFie, judge of the First judicial district in the territory, continued to hold that office and to rightfully exercise the functions thereof until Hon. E. C. Abbott, his successor under the statehood, had duly qualified, which was on February 3, 1912.

Error to District Court, Santa Fe County; Holloman, Judge.

Action by Adelaida Otero Luna against the Cerillos Coal Railroad Company.  Motion by plaintiff to vacate a judgment for defendant denied, and plaintiff brings error.  Affirmed.

Frank W. Clancy, of Santa Fe, for plaintiff in error.

W. C. Reid, Geo.' S. Downer, and E. C. Iden, all of Albuquerque (C. C. Catron, of Santa Fe, of counsel), for defendant in error.

OPINION OF THE COURT

BRATTON, J.   This is the second time this cause has been appealed.  The decision rendered upon the former appeal, which contains a full statement of the nature of the case, may be found reported at 16 N. M. 71, 113 Pac. 831.   We shall therefore refrain from again stating it.

The cause was reversed upon such former appeal on account of the failure of the trial court to make suffi-

cient specific findings of fact and conclusions of law. Thereafter and on January 10, 1912, the plaintiff tendered to the trial court findings of fact and conclusions of law, which were refused, to which exceptions were taken. On the same day specific findings of fact, conclusions of law, and a judgment in favor of the defendant in error duly signed by Hon. John R. McFie, judge of the First judicial court of the territory of New Mexico and Associate Justice of the Supreme Court of the territory, were made and rendered, to which exceptions were likewise taken. These findings, conclusions, and judgment are dated December 30, 1911, and recorded on January 10, 1912. Thereafter, and on November 12, 1912, the mandate from the Supreme Court reciting the reversal of the cause was submitted to Hon. Edmund C. Abbott, judge of the First judicial district, who thereupon entered an order vacating the original judgment which was rendered in the case on March 17, 1903, and reinstated the case upon the docket. On the same day, the death of the plaintiff, Solomon Luna, having been suggested, by a separate order, the plaintiff in error, Adelaida Otero Luna, as sole heir, residuary legatee, and devisee of the said Solomon Luna, deceased, was substituted as plaintiff. The case seems to have remained in this condition for more than seven years, and until November 26, 1919, when the plaintiff in error moved that the findings of fact, conclusions of law and judgment so rendered under date of Decmeber 30, 1911, and recorded on January 10, 1912, be vacated, and that the court then proceed to render its decision in writing incorporating therein specific findings of fact and conclusions of law, as required by law. This motion was denied, with the recital that the court desired to adopt and affirm the judgment so previously rendered. From such action this writ of error has been sued out.

[1] The first contention made by the plaintiff in error is that the lower court was without jurisdiction to make the findings of fact and conclusions of law, and to render judgment, dated December 30, 1911. and

recorded on January 10, 1912, because the mandate from the Supreme Court had not then been received, and was not then on file. It is urged that, when an appeal is perfected, the lower court loses jurisdiction of the cause, and does not regain the same until the official mandate is received. The findings of fact and conclusions of law are incorporated in and made a part of the judgment; they are all one and the same document. The order of the court made on January 21, 1920, from which this appeal was taken, refused to vacate such findings, conclusions, and judgment; on the contrary it expressly recited that the court adopted and confirmed the same. This was equivalent to re-making the same findings and conclusions, and entering the same judgment. The mandate had been presented to the lower court long prior to this time, so that it results in the lower court making specific findings and conclusions and entering a valid judgment at a time long after the mandate had been received. Conceding, but not deciding, that the findings, conclusions, and judgment complained of were void because made and rendered before the mandate had been received, the later judgment, which adopted such findings and conclusions, is free from this error.

[2] It is lastly contended that the findings of fact, conclusions of law, and judgment, which were dated December 30, 1911, and filed January 10, 1912, are void because Hon. John R. McFie, judge of the First judicial district under the territorial government, who made and rendered the same, had ceased to hold that office prior to the latter date, by reason of the fact that New Mexico became a state on January 6, 1912. His successor under statehood, Hon. E. C. Abbott, qualified on February 3, 1912. On this fact we will take judicial notice, as we are required to take judicial notice of the persons holding the office of judge of the district court in the various judicial districts of the state, the respective dates upon which they qualify, their respective terms of office, and the respective dates upon which they cease to hold such office. 15

R. C. L. p. 1106, § 37; 23 C. J. p. 105, § 1910; Gross v. Wood, 117 Md. 362, 83 Atl. 337, Ann. Cas. 1914A. 30; and the many cases cited in the note thereto appended. In 15 R. C. L. 1106, supra, it is said:

> "And now an appellate court will generally take cognizance of the date on which a person took office as a judge of an inferior tribunal, his term of service, and the date on which he ceased to be such a judge, whether his connection was terminated by resignation, death, or expiration of the term for which he was chosen."

It is expressly provided by section 9 of article 22, of the Constitution that all courts existing, and all persons holding offices or appointments under authority of the territory, at the time of the admission of the state into the Union, shall continue to hold such offices and exercise the respective jurisdictions and functions thereof until superseded by the courts, officers, and authorities provided for by the Constitution. This constitutional provision is in the following language:

> "All courts existing, and all persons holding offices or appointments under authority of said territory, at the time of the admission of said territory, shall continue to hold and exercise their respective jurisdictions, functions, offices and appointments until superseded by the courts, officers. or authorities provided for by this Constitution."

[3] We think the purpose of such provision is clear and unambiguous. It was designed to prevent any interregnum in the transition of the government from territorial to state. It was recognized by the framers of the Constitution that such transition could not be sudden and yet complete, and, in order to avoid any such hiatus, as is here contended existed, this provision was incorporated in the Constitution. It clearly appears that it was intended thereby to continue the official machinery of the territory until superseded by that of the state. By such provision all officers holding office under the territory at the time it was admitted into statehood were continued in their respective offices until their successors, appointed or elected according to law, duly qualified. This has twice been

held by its court. State ex rel. Chavez v. Sargent, 18 N. M. 627, 139 Pac. 144, and State v. Armijo, 18 N. M. 646, 140 Pac. 1123. In the latter case it said:

"This clause was for the purpose of continuing in office those legally entitled thereto at the time of the adoption of the Constitution, until succeeded by their successors, appointed or elected according to law. It did not, of course, divest the courts of the power given them by law to remove officers for the causes prescribed by law, or to oust intruders from such offices. If the appellee was rightfully in office at the time of the adoption of the Constitution, she was continued therein by the above clause, until her successor was appointed and qualified, according to law, subject only to removal for legal cause prior to that time. Appellee, rightfully holding the office at the time of the adoption of the Constitution, was entitled to retain the office at the time of the institution of this suit, and the judgment of the lower court sustaining the demurrer to the information will be sustained."

[4] We are therefore of the opinion that Hon. John R. McFie, by virtue of such constitutional provision, continued to hold the office of judge of the First judicial district under statehood until his successor in office, Hon. E. C. Abbott, qualified in the manner prescribed by law.

There being no reversible error in the record. the judgment of the lower court should be affirmed; and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.