(No. 2499.   May 9, 1924.)

## LUNA v. CERRILLOS COAL R. CO.

### SYLLABUS BY THE COURT.

1.   Under the provisions of section 9 of article 22 of the Constitution, all officers holding office at the time the territory was admitted into statehood continued to hold the same and to exercise the functions thereof until superseded by their successors under statehood.

2.   By virtue of such constitutional provision, Hon. John R. McFie, territorial justice, was still in office on January 10, 1912, his successor in office not having theretofore qualified and taken office, and a judgment rendered by said judge on that date was not void because he had ceased to hold title to such office.

3.   There is no statute in this state, and there was none during territorial government, requiring the issuance of mandates from this court to the district courts, but such practice arose under a rule which was designed to furnish the lower court, in specific and convenient form, the evidence of the action taken on appeal, but the judgment rendered here, reversing and remanding a cause, reinvests the lower court with jurisdiction to further proceed with the cause.

4.   Any action on the part of a party litigant, except to object to the jurisdiction of the court, which recognizes the case as pending in the court, will amount to a general appearance.

5.   A case cannot be reviewed on the record and briefs

filed upon its former appeal where a final decree has been entered since it was remanded, from which no appeal was taken within the time prescribed by law, as such decree adjudicates the rights of the parties and forecloses further consideration of the cause.

Appeal from District Court, Santa Fe County; Holloman, Judge.

Action by Adelaida Otero Luna against the Cerrillos Coal Railroad Company. Judgment for defendant, and plaintiff brings error. On motion for hearing on the merits. Motion dismissed. For opinion on motion to vacate judgment, see 29 N. M. 161, 218 Pac. 435.

F. W. Clancy, of Santa Fe, for plaintiff in error.

W. C. Reid, G. S. Downer, and E. C. Iden, all of Albuquerque, and C. C. Catron, of Santa Fe, for defendant in error.

OPINION OF THE COURT.

BRATTON, J.   When this controversy was before the territorial court the judgment of the district court was reversed and the cause remanded for further proceedings for the reason that the record showed no sufficient findings of fact and conclusions of law, upon which the judgment was based.  16 N. M. 71, 113 Pac. 831.

A mandate was issued out of the court, in accordance with the opinion, on September 21, 1911.  On January 10, 1912, there was a judgment, together with findings of fact and conclusions of law, filed and entered, dated December 30, 1911, signed by John R. McFie, territorial justice.  At the time of the entry of this judgment counsel for plaintiff made the following statement:

"The said plaintiff, being informed that this court is about to make findings of fact in the above-entitled cause, comes now, by his attorney, and without waiving any objections to the power of jurisdiction of the court to make such findings at this time, submits the following as proper findings of fact and conclusions of law, if any are to be made."

These tendered findings were all refused by Judge McFie.  Following the findings and judgment made and rendered by Judge McFie, the plaintiff filed ob-

jections to the same based upon the proposition, among others, that the court was without power or jurisdiction to make and render any such findings, conclusions, and judgment. On November 12, 1912, counsel for plaintiff presented the mandate of this court to the district court, and thereupon the court, by formal order, reinstated the cause upon the docket and vacated the original judgment in the case of March 17, 1903. Plaintiff thereupon filed in the court a request for a decision in writing to be filed with the clerk, such decision to specifically find the facts and state the conclusions of law pertinent to the case, and submitted 47 requested findings. On December 13, 1912, there was filed a stipulation, between counsel for the respective parties as to the form in which the record should be made up in case of appeal from the judgment of January 10, 1912, and other matters. The cause remained in this condition until December 1, 1919, when counsel for plaintiff moved to set aside and vacate the findings of fact and judgment theretofore entered on January 10, 1912, which motion was denied. On January 21, 1920, an order was made by the district court refusing to make new findings of fact and conclusions of law, but adopted and affirmed the judgment of January 10, 1912. From this last order the appeal was taken to this court. On August 30, 1923, we handed down an opinion affirming this judgment. 29 N. M. 161, 218 Pac. 435. Plaintiff thereafter, on September 11, 1923, filed a motion to modify the opinion, in so far as it finally disposed of the case, and to proceed to hear the case on the merits upon the original transcript and briefs. It thus appears that the question on the present record is not whether the judgment of January 10, 1912, is correct on the merits, but whether the court was correct in refusing to vacate such judgment upon the ground that the court was without jurisdiction for two reasons, viz., the term of office of Judge McFie had expired, and the mandate of this court had not been presented to the court below when the judgment was rendered.

[1-2] 1. Upon the first proposition it is clear that on January 10, 1912, Judge McFie, territorial justice, was still in office, Judge E. C. Abbott, elected district

judge at the first state election, not having qualified and taken office at that time. See article 22, § 9, State Constitution; State, ex rel. Chavez v. Sargent, 18 N. M. 627, 139 Pac. 144; State v. Armijo, 18 N. M. 646, 140 Pac. 1123; and our former opinion herein reported at (N. M.) 218 Pac. 435. In these cases the full import of the constitutional provision is discussed, and the same needs no repetition here.

[3] 2. In regard to the second proposition, it may be said, in the first place, that there is no statutory requirement in this state that a mandate shall be issued to the court below. The practice of issuing mandates arose under a rule of this and the territorial court. See rule 9 of rules promulgated July 31, 1919. This rule was not designed to require the mandate as a means of reinvesting the lower court with jurisdiction, but was designed to furnish the lower court, in specific and convenient form, the evidence of the action taken here. But the reinvestiture of jurisdiction in the lower court is accomplished by the judgment rendered by this court. Hence it is immaterial that the mandate was not on file, although it had then been issued, when Judge Mc-Fie rendered the judgment of January 10, 1912. The cause had been reversed and remanded by the judgment of this court with directions to make findings of fact and conclusions of law and to proceed to judgment, just as was actually done.

[4-5] 3. Besides, plaintiff entered a general appearance before the court when he asked for affirmative action by the court on the merits. He asked for findings and conclusions in his favor, and thereby waived the absence of a mandate, even if it were required before the cause might regularly proceed. As to the consequences of a general appearance, see Dailey v. Foster, 17 N. M. 377, 128 Pac. 71; State v. Northwestern, etc., Co., 23 N. M. 306, 168 Pac. 528, 1 A. L. R. 170; Crowell v. Kopp, 26 N. M. 146, 189 Pac. 652.

It is apparent that the plaintiff can have no relief in this case. The judgment on the merits of the case was entered January 10, 1912, and no appeal was ever taken therefrom. It was rendered with jurisdiction, and can be attacked only in a direct proceeding. If it

can be now reached, the time for appeal having long since expired, it is by means of the application to set it aside and the judgment refusing so to do, from which this appeal has been taken. That such a thing cannot be done is apparent. The fact that the judgment ratifies and affirms the former one is of no consequence. The full scope and effect of the judgment here appealed from is to refuse to vacate the former judgment rendered January 10, 1912, but to adopt, confirm, and re-enter the same. The former judgment being a final one, entered with jurisdiction of the subject-matter and the parties, from which no appeal was taken within the required time, its subsequent ratification, adoption, or re-entry neither adds to nor detracts from its force and effect. That judgment, having become final, precludes us from considering the case further upon its merits.

It follows that the motion to hear the cause on the merits must be denied; and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.