PRY v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY
*Appellant.*

1. **Practice in Supreme Court**: SETTING ASIDE DEFAULT JUDGMENT. To warrant this court in interfering with the action of the trial court in refusing to set aside a judgment by default, it must appear that the defendant disclosed to that court a good reason for not having answered in time, and also that he had a meritorious defense; and both of these things must appear so clearly as to make it manifest

| 73 | 123 |
| 108 | 16 |
| 73 | 123 |
| 119 | 278 |
| 55a | 317 |
| 73 | 123 |
| 127 | 391 |
| 73 | 123 |
| 82a | 124 |
| 73 | 123 |
| 85a | 373 |
| 73 | 123 |
| 96a | 1189 |
| 96a | 5192 |
| 98a | 2126 |
| 99a | 3693 |

that the refusal of the trial court was arbitrary. The facts consti-
tuting the defense must be set forth. It is not sufficient for defend-
ant to show, by the affidavit of his counsel, that in the opinion of
the latter the defense is a good one.

2. **Pleading:** ANSWER: GENERAL DENIAL. An answer which denies
generally "each and every material allegation of the petition,"
without anything further to show what allegations are meant to be
put in issue, is bad.

3. **Practice:** WAIVER OF IRREGULARITIES IN SERVICE OF PROCESS. The
defendant, both before and after making a special appearance for
the purpose of objecting to the sufficiency of the service of the sum-
mons, appeared for other purposes, looking to the defense of the
action. *Held*, that he had thereby waived all questions as to the
sufficiency of the service.

4. **Practice:** PLEADING, WAIVER OF DEFECT IN. If a petition contains
a cause of action, mere defects in its statement will be cured if not
objected to till after verdict and judgment.

5. **Practice:** WHEN JUDGMENT WILL BE SET ASIDE AS EXCESSIVE. A
judgment will be reversed on the ground that it is excessive in
amount only when it appears that the verdict was the result of pas-
sion or prejudice, or that the damages are palpably excessive.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB,
Judge.

AFFIRMED.

*James Carr* for appellant.

*Vories, W. D. Webb* and *Ewing & Hough* for respond-
ent.

NORTON, J.—This is an action for damages alleged to
have been sustained by plaintiff in consequence of the neg-
ligence of defendant as a common carrier. The petition
was filed on the 15th day of November, 1876, on which a
summons issued on the 4th day of December, 1876, return-
able on the 1st day of January, 1877. This summons was
returned served on the 11th day of December, 1876. On
the 11th day of January, 1877, and on the eleventh day of
the term of court, defendant having failed to appear to the
action, judgment by default was rendered and a writ of

inquiry of damages awarded. On the 18th day of January, 1877, defendant appeared and filed a motion to set aside the. judgment by default, and for leave to file answer, which was overruled by the court on the 20th day of January, 1877. On the 20th day of February, 1877, defendant entered a special appearance only for the purpose of asking the judgment by default to be set aside on the ground that the service of the summons was insufficient, which motion being overruled, defendant filed a motion to strike the petition of plaintiff from the files of the court because one of the attorneys who had signed it was not authorized to practice in that court. This motion was also overruled. At the September term, 1877, of the court, the cause was submitted to a jury on the writ of inquiry of damages, defendant again appearing and cross-examining plaintiff's witnesses and introducing one on its own behalf. The jury returned a verdict assessing the damages of plaintiff at $5,000, and from the judgment thereon rendered, defendant, after making an unsuccessful motion for new trial, appealed to this court.

Upon the state of the record above presented, the first question which arises is, whether the circuit court, in overruling the motions to set aside the judgment by default, acted arbitrarily or oppressively. The solution of this question depends mainly upon the fact whether defendant, in the said motions and affidavit accompanying the same, has disclosed a good reason for not having appeared and filed his answer in time, and whether the defense offered to be made was meritorious. Unless both these matters appear so clearly as to make it manifest that the trial court, in overruling the motion, exercised its discretion arbitrarily, this court will not interfere. The affidavit filed in support of the motion fails to come up to either of the requirements. It is as follows: "And in support of this motion to set aside the judgment by default, said Carr filed his affidavit, which, in addition to the alleged facts in said motion, charged 'that he had

1. PRACTICE IN SUPREME COURT: setting aside default judgment.

been for a number years past the general attorney of the defendant, and that defendant had no local attorney in said cause, and that he resided in Hannibal, Missouri, where the general offices of the company were located; and that prior to the commencement of the January term, 1877, of the Buchanan circuit court, on the night of the 29th day of December, 1876, he went up to St. Joseph, and on the next day examined the docket of said court, to ascertain what causes were on said docket in which defendant is a party concerned; that he made a list of all of said causes, embracing the above entitled cause, for the purpose of preparing for trial in the causes set for trial, and filing an answer in the above entitled cause; that owing to the press and importance of the business in his charge, as hereinbefore stated, he forgot to file an answer in said cause until the time for filing the same had elapsed,' and that the facts in regard to the injury complained of have been stated to him by agents and officers of the defendant, and that on said facts, in his opinion as an attorney, the defendant has a good and meritorious defense.

(Signed)     .     JAMES CARR."

This affidavit does not disclose such diligence as would justify us in saying that the trial court, in overruling it on that ground, was guilty of an abuse of its discretion; but if it had shown diligence, inasmuch as it utterly fails to set forth the facts constituting the defense which defendant desires to make, so that the court might determine whether such defense was or not meritorious, it might properly have been overruled on that ground. It is true the affidavit states that it was affiant's opinion based on information given him by the agents of defendant, that the defense was a good and meritorious one. It was for the court and not affiant to determine whether the facts constituted a good defense, and the affidavit, in not setting them out, and in not referring to an answer that did set them out, so as to enable the court to determine the question, was fatally defective. *Lamb v. Nelson*, 34 Mo. 501;

*Jacob v. McLean*, 24 Mo. 40 ; *Judah v. Hogan*, 67 Mo. 252.

The only answer which the record before us shows defendant offered to file, is in these words : "Defendant, for answer to plaintiff's petition filed in the above entitled cause, denies each and all the material allegations in said petition." Such an answer as this we have held in the case of *Edmonson v. Phillips, ante,* p. 57, to be no answer.

2. PLEADING: answer: general denial.

Defendant, on the 21st day of February, 1877, entered a special appearance for the purpose of objecting to the sufficiency of the service of the summons, and filing a motion to set aside the default on that ground. It is insisted by defendant that the service of said summons is insufficient, and the court committed error in overruling this last motion. We deem it unnecessary to investigate the question thus raised as to the insufficient service of the summons, inasmuch as the motion filed by defendant on the 18th day of January, 1877, to set aside the default on other and distinct grounds, was such an appearance as waived any defect in the service of the writ. "It is a general rule that when a defendant appears and takes any step in a cause preparatory to its defense, without first objecting to the service, the insufficiency of the service is thereby waived." *Peters v. St. Louis & Iron Mountain R. R. Co.*, 59 Mo. 406. So in the case of *Orear v. Clough*, 52 Mo. 55, it was held that an appearance to have the cause put at the foot of the docket merely, was such an appearance as to give the court jurisdiction to render a personal judgment against a defendant, though the service really had was none other than an order of publication of notice. Besides this, defendant appeared on the same day and moved to strike the petition of plaintiff from the files of the court, which was an appearance to cut up by the roots plaintiff's cause of action. In addition to this, defendant again appeared in the final and most important stage of the cause and contested with plaintiff the amount of damages recoverable by him, saved his excep-

3. PRACTICE: waiver of irregularities in service of process.

tions and urges here as one ground for reversal that the damages are excessive. These appearances certainly had the effect of waiving any insufficiency, if any existed, in the service of the summons. *Wilson v. Fowler*, 3 Ark. 472. As observed by counsel, the remarks of Justice SHERWOOD in the case of *Tower v. Moore*, 52 Mo. 118, as to the appearance and disappearance and reappearance of a party in a cause are peculiarly applicable to this cause.

It is also urged that the petition does not state facts sufficient to support the judgment. Stripping the petition of verbiage, and it substantially sets up as the cause of action that plaintiff had shipped on defendant's road several car loads of cattle, and that by the contract of affreightment he was also a passenger, charged with the duty of looking after his cattle, and getting them upon their feet when cast or thrown down in the cars, that defendant stopped said train at a water tank at the west end of a bridge crossing Chariton river, for the purpose of taking water, and that plaintiff was informed by the person in charge of the car, that the train would stop ten minutes; that he alighted from the car for the purpose of looking after his cattle, and had walked but a few steps when defendant negligently and carelessly, without any warning, started said train suddenly forward, when plaintiff took hold of one of the ladders attached to the car to draw himself up on the car, when defendant again, without giving warning, carelessly started said cars so violently as to throw plaintiff down on said bridge, and that to save himself in the darkness, from falling through said bridge into the river, he threw out his right hand, which caught the rail, which was run over by the car, causing the injury sued for. The utmost that can be said of this petition is, that it contains a cause of action defectively stated, and such a petition we have always held to be good after verdict and judgment.

It is also insisted that the judgment should be reversed because the damages are excessive. We are only to re-

*(margin note: 4. PRACTICE: pleading, waiver of defect in.)*

5. PRACTICE: when judgment will be set aside as excessive. verse a judgment on such ground when it appears that the verdict was the result of passion or prejudice, or that the damages are palpably excessive. *Porter v. Hannibal & St. Joseph R. R. Co.*, 71 Mo. 66; *Whalen v. St. Louis, Kansas City & Northern Ry. Co.*, 60 Mo. 323. We cannot say that the evidence shows the existence of either of the above causes. It shows that the right hand of plaintiff was so injured as to render necessary the amputation of the index, middle and little fingers, and that the fourth finger was bent out of shape and stiffened; that plaintiff was under the care of a physician from May till July; that the wound did not heal till September following; that he had suffered greatly from the injury, and at the time the case was tried he was still suffering from it so that in hot or cold weather it deprived him of sleep; that he was a farmer, forty-four years old; that the loss of the use of his right hand disabled him from performing farm labor. In short, the evidence tended to show that plaintiff's right arm, in consequence of the loss of his fingers, was rendered valueless for purposes of labor. Judgment affirmed.