HUGH AUCHINCLOSS ET AL., Respondents, v. JACOB FRANK ET AL., Appellants.

### March 17, 1885.

1. PLEADINGS—DEPARTURE.—The petition being for the price of goods sold under contract, and the answer setting up by way of defense an agreement entitling the defendant to an abatement of prices, a reply which states the agreement differently, alleges a breach of it, and denies all other allegations of the answer, is not a departure.

2. INSTRUCTIONS—PRACTICE.—An instruction which erroneously states that a certain fact is admitted is not ground for a reversal of the judgment, where the uncontradicted evidence fully establishes such fact.

3. EXCESSIVE VERDICT—REMITTITUR—APPELLATE COURTS.—An excessive judgment may be reversed on appeal unless the excess be remitted.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Reversed nisi.*

EBER PEACOCK and R. H. KERN, for the appellants.

TRUMAN A. POST and HENRY M. POST, for the respondents.

LEWIS, P. J., delivered the opinion of the court.

The plaintiffs sue as assignees of an open account in favor of Bates & Auchincloss, for 900 dozen spools of

Coats' cotton thread, sold to the defendants at fifty-five cents per dozen, amounting to $440. The answer admits the purchase, as to quantity and dates, as stated in the petition, but denies that the price is truly stated, or that the defendants are indebted in the amount claimed. It is averred that, by agreement with Bates & Auchincloss, the defendants were entitled to certain rebates amounting to $190.47, which sum being deducted from $440 leaves a balance of $249.53, and that this last mentioned sum they have paid to the plaintiffs. The plaintiffs replied with a general denial, and further alleged that, by an agreement made between their assignors and the defendants, the trade price in all sales of the thread was to be fifty-five cents per dozen spools, and that the defendants were to allow purchasers no deductions by way of discount or otherwise, greater than two per cent. from said trade price. That certain bonuses and rebates were to be allowed the defendants, solely upon their strict adherence to the stipulation just mentioned ; failing which, the defendants would forfeit all claim to such bonuses or rebates. That the defendants did in fact violate said stipulation, by selling the said thread at prices less than that agreed upon, and were therefore not entitled to any deduction from the price of their several purchases. There was substantial testimony tending to prove the allegations on either side. It appeared that the defendants remitted to the plaintiffs the sum of $249.53, but the plaintiffs returned the same refusing to receive it as in satisfaction of their demand. The verdict was for the plaintiffs. It is argued for the defendants that the plaintiffs' reply constitutes a departure, and that the plaintiffs cannot recover, because they did not sue upon the entire contract thus disclosed. There is nothing in the point. The reply does not set up a new cause of action, but only goes to nullify the affirmative defense set up in the answer. The suit remains upon the cause of action alleged in the petition. The alleged qualifying contract is set up by the defendants, and the plaintiffs respond that the defendants can

claim nothing on that account, because of their own violation of its terms. No recovery is asked for on the contract.

The answer, after the admissions and denials before stated, adds that the defendants "deny the other allegations of the petition." The court instructed the jury "that the assignment of the account in controversy from Messrs. Bates & Auchincloss to plaintiffs stands admitted by the pleadings, as stated in plaintiffs' petition." This instruction was wrong. It is sustained in argument for the plaintiffs on the authority of *Edmonson* v. *Phillips* (73 Mo. 57), and *Pry* v. *Railroad Co.* (73 Mo. 123). This view seems to result from a mis-reading of the opinions in those cases. The pleadings there criticized were "denials of all the other *material* allegations, etc." It was held that this was no sufficient indication of what allegations were denied, because there was nothing to show which of them the pleader considered material. We know of no ruling, nor of any reason for a ruling, that would invalidate a general denial of "all the other allegations," without any qualifying expression. The instruction, however, was wholly harmless in this case, and can furnish no ground for a reversal. There was ample and uncontradicted testimony establishing the assignment, as alleged in the petition.

The defendants offer several objections against the judgment, founded on a supposed insufficiency of proof that the assignment of the account to the plaintiff was made for value. No defense was, or could have been offered, in which that question would be material, one way or the other. Every defense that might have been made against the assignors was given its full force against the plaintiffs, as assignees. There was, however, no lack of proof substantially showing that the assignment was for value.

Two instructions asked for by the defendants were given, and five were refused. The two which were given fairly placed before the jury all that the defendants could claim in the law arising upon the facts shown in their behalf. The refused instructions were so utterly discord-

ant with well established principles of law, that we are unwilling to occupy space in discussing them at length.

The plaintiffs admitted on the trial that the defendants were entitled to a discount of six per cent. on the amount of their purchase, which sum ($26.40) being deducted, the balance due on the account would be $413.60. The assigned account, as shown in the evidence, stated this last amount, as the balance remaining unpaid. The verdict was for $467.05. This was evidently reached by allowing the whole amount of the plaintiffs' account, as declared on, with interest from the commencement of the suit. The verdict was therefore excessive, in its omission to deduct the six per cent. If the plaintiffs will, within ten days from the filing of this opinion, enter a remittitur of the sum of $26.40, with interest thereon from January 3, 1883, the day on which the suit was commenced, the judgment of the circuit court will be affirmed; otherwise it will be reversed and the cause remanded. All the judges concur.