[No. 1212, February 25th, 1908.]

THE BOULDER, COLORADO, SANATORIUM, Appel-
lee, v. KATE VANSTON, Appellant.

SYLLABUS (BY THE COURT).

1. A motion to vacate a judgment taken by default upon
other grounds than that of jurisdiction of the person, solely,
constitutes a general appearance and waives all defects of
service.

Appeal from the District Court for Chaves County
before WILLIAM H. POPE, Associate Justice. Affirmed.

U. S. BATEMAN, for Appellant.

"The name and address of the plaintiff's attorney
must be endorsed on every summons." Compiled Laws,
1897, sec. 2685, par. 4, sub-sec. 19; Stuyvesant v. Weil, 57
N. Y. S. 595; Hale v. Gee, 29 S. W. 44; Kelso v. Norton,
87 Pac. 184; Sharman v. Huot, 63 Am. S. Rep. 645; Dur-
ham v. Bettertson, 14 S. W. 1060; Forbes v. Darling, 54
N. W. 385; Liberty v. Haines, 64 Atl. 665.

There could be no final judgment against appellant
while the action was still pending against her co-defen-
dant. In some cases there can be but one final judgment.
Hale v. Gee, 29 S. W. 44; Wootters v. Kauffman, 3 S. W.
465; Penfold v. Slyfield, 68 N. W. 226; City of Detroit
v. William Houghton, 4 N. W. 171; 23 Cyc. 736; Laws of
1905, chap. 26.

"The authority to vacate or set aside judgments is
incident to all courts of record, or of general jurisdiction."
23 Cyc. 890, 891; secs. 3,000, 3,001 and 3,068 repealed by
sub-sec. 300, chap. 107, Laws 1907.

Sanatorium v. Vanston.

W. H. C. TAYLOR and R. E. LUND for Appellee.

While a summons which is not endorsed is irregular, yet it is within the power of the court to amend the writ by permitting the substitution of an attorney of this court or by admitting the attorney who did issue the writ to practice in that particular court. Jewett v. Garrett, 47 Fed. 625; Prentice v. Stefan, 72 Wis. 153.

The objections to the complaint and summons were waived by the appearance of the appellant. Neosho Valley Inv. Co. v. Cornell, 56 Pac. 475; Security Loan & Trust Co. v. Boston etc., 58 Pac. 941; Handy v. Insurance Co. 37 O. St. 366; Carter v. Tallant et al, 32 Pac. 1108.

The attorney's neglect is imputed to the client. Lierpool & L. & G. Ins. Co. v. Perrin et al, 61 Pac. 124; Ripley v. Aztec Min. Co., 28 Pac. 773.

A granting of a new trial for this neglect is discretionary. Liverpool and L. & G. Ins. Co. v. Perrin et al, 61 Pac. 124.

A meritorious defense must be shown in order to entitle a defaulting defendant to any relief. Rio Grande Ir. & Col. Co. v. Gildersleeve, 48 Pac. 309; 17 Am. & Eng. Enc. L., 2 ed. 846; Code, sub-sec. 131; Compiled Laws, 1897, secs. 2685 and 3001.

Appellant having failed to claim any error in the court below as to the form or rendition of the judgment cannot ask relief from this court as to any erroneous rulings. Elliott's Appellate Procedure, sec. 470; Crabtree v. Seagrist, N. M., 6 Pac. 202; Perez v. Barber, N. M., 34 Pac. 190; Maxwell v. Tufts, N. M., 45 Pac. 979.; Williams v. Thomas, N. M., 9 Pac. 356; U. S. v. Amador, N. M., 27 Pac. 488.

### OPINION OF THE COURT.

MANN, J.—This is an appeal from a judgment rendered in the District Court of Chaves County, in favor of the appellee, the Boulder, Colorado, Sanatorium, against the appellant, Kate Vanston, for One Hundred Fifty-three and 10-100 Dollars for medical treatment, nursing, board, etc., alleged to have been rendered her by the appellee. The action was brought by the appellant and one

Easton, as co-defendant, and a summons issued and served personally on each of said co-defendants, each of whom appeared specially and moved to quash the service on the ground, principally, that the name and address of plaintiff's counsel was not endorsed on the summons as required by sub-sec. 19 of sec. 2685, C. L. 1897.

These motions were by the Trial Court overruled and appellant given ten days to further plead. Her co-defendant, Easton, upon the overruling of his motion to quash, filed a motion to strike from the files and a second motion to quash, each of which said motions were overruled. In the meantime Mr. R. E. Lund, an attorney of Roswell, New Mexico, and a member of the New Mexico bar, had entered his appearance for the appellee, by leave of the court. Easton then filed a motion to make definite as to certain allegations in the complaint, which referred solely to his connection with the case, and this motion was in part sustained. The ten days after the overruling of appellant's motion to quash having in the meantime expired, a certificate of non-appearance as to her was filed by the clerk, and on motion of the appellant was granted by the court and a final judgment rendered against her for the sum above set forth. Appellant then appeared and moved to vacate and set aside the judgment so rendered against her and to be allowed to defend, which was overruled and this appeal taken. The appellee then amended its complaint as to the co-defendant Easton and the case proceeded as to him.

The appellant complains as to the summons served upon her that it was not properly endorsed and that the complaint upon which it was issued was not signed by a duly entered attorney of record, etc., but in our judgment all objections to the summons were waived by appellant's general appearance when she moved to set aside the default and final judgment, upon grounds other than the want of jurisdiction. 3 Cyc. 509; Crane v. Penny, 2 Fed. 187; Pry v. Hannibal etc. Ry. Co., 73 Mo. 123; Neosho Valley Imp. Co. v. Cornell (Kans.) 56 Pac. 475; Sec. L. & T. Co. v. Boston & S. R. Fruit Co. (Cal.) 58 Pac. 941.

The alleged defects of the summons having been thus

waived and a general appearance entered, the only remaining question is whether the court erred in granting the default and rendering final judgment upon the verified account attached to the complaint. Appellant was clearly in default. She had failed to further move or plead after her special motion to quash was overruled, although the time allowed her to do so by the court had passed. This fact was duly presented to the court by a certificate of the clerk under seal and it was the plain duty of the court to grant the default. Being in default, she cannot be heard to complain of the form of the judgment.

There being no error apparent in the record, the judgment of the Trial Court is affirmed.

### SYLLABUS (BY THE COURT).

