[No. 1454, May 5, 1912.]

CHARLES F. FOWLER, Appellee, v. THE CONTINENTAL CASUALTY COMPANY, Appellant.

### SYLLABUS (BY THE COURT).

1. A motion to set a default judgment aside, upon grounds other than jurisdictional, enters a general appearance and validates the judgment as to all defects in the service of the summons.

2. When a party moves to set aside a default and judgment upon the ground that the court had no jurisdiction over its person because there has been no valid service of summons, it must occupy that ground exclusively, and keep out of court for all other purposes.

Appeal from the District Court, Bernalillo County.

E. W. DOBSON, for Appellant.

Service was illegal and the court acquired no jurisdiction over the defendant by reason thereof. Chap. 48, sec. 4, laws 1909; New River Mineral Co. v. Seeley, 120 Fed.

202; Insurance Co. v. Bangs, 103 U. S. 435; Staunton Perpetual B. & L. Co. v. Haden, 92 Va. 201; Settlemier v. Sullivan, 97 U. S. 444; Godfrey v. Valentine, 12 Am. St. Rep. 657; Gray v. Hawes, 8 Cal. 562; Shaw v. Rowland, 32 Kas. 154; Boals v. Shules, 29 Ia. 507; Briggs v. Sneghan, 45 Ind. 14; State v. Cohen, 13 S. C. 198; Moore v. Watkins, 1 Ark. 268.

Superintendent of Insurance who is made the statutory agent of foreign insurance companies could not accept, admit or waive service. Bennett v. Supreme Tent of Knights of Maccabees, etc., 82 Pac. 744; Ballinger's Annotated Codes & St. sec. 4893; Savings Bank of St. Paul v. Authier, 53 N. W. 812; Farner v. Natl. Life Assn. etc., 50 Fed. 829; Woodham v. Anderson, 32 Wash. 500; 15 Enc. Pl. & Pr., p. 278.

The return governs if it contradicts the findings in the judgment, as to service of process, and the findings must be disregarded. Lunkey v. Keyes Silver M. Co., 17 L. R. A. 351; Pollard v. Wegener, 13 Wis. 575; Shea v. Knoxville & K. R. Co., 6 Baxt. 2771; Hobby v. Bunck, 83 Ga. 11; Shenandoah Valley R. Co. v. Ashby, 86 Va. 235; Coan v. Clow, 83 Ind. 419; Cloud v. Pierce City, 86 Mo. 366; Adams v. Cowles, 95 Mo. 506; Odell v. Campbell, 9 Or. 300; Settlemier v. Sullivan, 97 U. S. 448; Cheeley v. Clayton, 110 U. S. 708; Galpin v. Page, 85 U. S. 365; Belcher v. Chambers, 53 Cal. 639.

Under "Substituted service" the statute must be strictly followed. Howard v. Galloway, 60 Cal. 10; Maynard v. McCreelish, 57 Cal. 355; Boulder Colorado Sanitarium v. Kate Vanston, 14 N. M. 436; sub-sec. 19. of sec. 2685, Comp. Laws, 1897.

MARRON & WOOD, for Appellee.

Sufficiency of service is not a proper question on appeal. Weaver v. Weaver, 113 Pac. 599; Sanitorium v. Vanstone, 14 N. M. 436; Security etc. Co. v. Boston, etc. Co., 58 Pac 941; Maclay Co. v. Meade, 112 Pac. 195; Lowe v. Stringham, 14 Wis. 222; S. L. & T. Co. v. Fruit Co., 58 Pac. 941; Neosha Co. v. Cornell, Ks., 56 Pac. 475; Crane v.

Penny, 2 Fed. 187; Pry v. Hannibal Ry. Co., 73 Mo. App. 123.

There was no error in refusing to excuse defendant's default. 23 Cyc. 962.

An appeal is frivolous and therefore taken for delay when the point raised has previously been decided. Jackson v. Rochester, 124 N. Y. 624; Alamo F. Ins. Co. v. Brooks, 32 S. W. 714; Foot v. Hayes, 39 Pac. 601; P. Mng. Co. v. Coquard, 40 Mo. App. 40; Florence Oil Co. v. Bank, 88 Pac. 182; Koelling v. Rutz, 41 Pac. 781; Alliance Ins. Co. v. Bartlett, 9 N. M. 554; Shafer v. Bank, 4 N. M. 392; Dold v. Robertson, 3 N. M. 313; Casey v. Chayter, 23 S. W. 1114.

### STATEMENT OF FACTS.

The defendant appeals from a judgment of the Bernalillo District Court, rendered by default on June 22, 1911, and assigns as error the overruling of his motion to set aside the default, specifying particularly that the service of the summons was proved only by the admission of the superintendent of insurance, the statutory agent of the defendant; and also that the refusal of the court to set aside the default was an abuse of discretion.

Defendant is a non-resident insurance corporation and issued a policy to plaintiff agreeing to pay him a weekly indemnity against loss from accidental injury.

In September, 1909, while the policy was fully in force plaintiff suffered an accidental injury. Suit was commenced on the policy April 17th, 1911, and service made on the territorial superintendent of insurance April 21st. This service is proved in the record only by the written acknowledgment of the superintendent (15).

From the date suit was commenced until the default judgment was granted the defendant was negotiating, first with Mr. Frank W. Clancy and later with Mr. N. B. Field, both members of New Mexico Bar, concerning employment of counsel.

After counsel for appellee were advised that Mr. Field had declined employment they applied for a default on June 22, 1911, which was granted, June 27, 1911. Ap-

pellant then moved to set aside the judgment relying upon its alleged inability to employ an attorney appearing generally and without questioning the jurisdiction of the court. This motion was supported by affidavits and was overruled by the court. Appellant then filed an additional motion to set aside the judgment on the ground that the court was without jurisdiction over the defendant at the time judgment was rendered.

This motion was also overruled and defendant granted an appeal to this court.

## OPINION OF THE COURT.

HANNA, J.—Error is assigned as follows: (1) That the service was illegal and the court acquired no jurisdiction over the defendant by reason thereof.

This assignment challenges the proof of service for failure to show technical compliance with our statute governing service upon foreign insurance companies.

It is not contended that no service was made and does appear that the defendant company considered that it had been duly served with summons in this cause.

After the default judgment had been entered in this case the defendant moved to set it aside pleading grounds of justification for its default, and alleging, upon information and belief, that it had a meritorious defense to the cause of action, or the greater part of plaintiff's demands, and further moving for leave to plead to said complaint. No attack was made upon the jurisdiction of the court, at this time, and it is contended by appellee that appellant. by its general appearance, waived the alleged defects in the proof of service of summons.

On the other hand appellant contends that the judgment being void for lack of jurisdiction it could not waive the question of jurisdiction, or validate a void judgment by a general appearance in support of a motion to set the judgment aside.

Appellant is not without authority to support its contention in this regard, nor are the authorities uniform upon the question. This court feels constrained to follow the rule enunciated by our Territorial Supreme Court in the

case of Sanitarium v. Vanston, 14 N. M. 436, from which opinion we quote as follows:

"The appellant complains as to the summons served upon her that it was not properly endorsed and that the complaint upon which it was issued was not signed by a duly entered attorney of record, etc., but in our judgment all objections to the summons were waived by appellants general appearance when she moved to set aside the default and final judgment upon grounds other than the want of jurisdiction."

The greater weight of authority seems to follow the rule "that if a person makes a general appearance subsequent to the entry of a void judgment, he must make all the objections he intends to raise, and that those objections not made are waived, and the judgment is validated as to all defects not distinctly raised by the general appearance." 2 Encl. P. & P. 656; Neosho Valley Inv. Co. v. Cornell et al. (Kan.); 56 Pac. 475; Pry v. Hannibal Ry. Co. 73 Mo. 123.

It has been held that a motion to set a default judgment aside upon grounds other than jurisdictional, enters a general appearance and validates the judgment as to all defects in the service of the summons. Sanitarium v. Vanston, 14 N. M. 436; Miles et al. v. Goodwin et al, 35 Ill. 54; Boulware v. Chicago & Alton R. Co., 79 Mo. 494; Grant v. C. R. I. & P. Ry., 79 Mo. 502; Coad v. Coad, 41 Wis. 23; Security L. & T. Co. v. Boston, etc. Co., (Cal.) 58 Pac. 941; McClay Co. v. Meads, (Cal.) 112 Pac. 195; Gilbert-Arnold Land Co. v. City of Superior, (Wis.) 67 N. W. 38; Fisk v. Thorp (Neb.) 84 N. W. 79; Pry v. Hannibal & St. Joseph R. Co., 73 Mo. 123; Ziska v. Avey, (Okla.) 122 Pac. 722; Klaw Life Assn. et al. v. Jennie Lemke, 40 Kan. 142; Meyer v. Ruby, etc., Co., 90 S. W. 821.

We think that the law has been further correctly set forth in Security Loan & Trust Co. of Southern California v. Boston, etc. Co., supra:

"When a party moves to set aside a default and judgment upon the ground that the court had no jurisdiction

over his person because there had been no valid service of summons, he must carefully occupy that ground exclusively, and must keep out of court for all other purposes."

The next assignment of error relied upon by appellant is that the superintendent of insurance, who is made the statutory agent of foreign insurance companies, could not accept, admit or waive service. Our conclusion with respect to the first assignment of error makes it unnecessary for us to consider this assignment, or the third and fourth assignments relied upon by appellant.

This leaves for our consideration the one remaining point of abuse of discretion, in the trial court, in refusing to set aside the default and judgment based upon the facts as shown by the record. This point is not urged by appellant and, upon examination of record, we find no merit in the assignment.

Appellee contends that this appeal was taken for delay and that ten per cent damages should be added to the judgment under sec. 39, chap. 57, Session Laws of 1907, and court rule XV. We think that this case does not fall within the rule. This appeal has been diligently prosecuted under an apparently honest claim of right. The argument that the question had been previously decided was challenged and opinions might honestly differ upon the subject.

Finding no error in the record the judgment is affirmed.