Zac Metal Co. v. Foster, 17 N. M. 377.

[No. 1474, November 9, 1912.]

J. G. DAILEY and F. F. VILLAREAL, Co-Partners Doing Business Under the Firm Name and Style of the Zac Metal Company, Appellants and Plaintiffs in Error, v. NATHANIAL C. FOSTER, Appellee and Defendant in Error.

### SYLLABUS (BY THE COURT).

1. The purpose of a citation, upon a writ of error, is to notify the defendant in error, that the cause has been removed to the superior tribunal, and is waived by the voluntary appearance of the defendant in error.

2. Whether an appearance is general or special is governed by the object and purpose of the appearance and any action upon the part of the defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance.

3. By inaction, until after default is cured, a party waives the benefit of sec. 4 of rule 13, which limits the time within which printed transcripts and briefs are to be filed.

4. The remedies by error and appeal cannot both be prosecuted concurrently.

5. Where an appeal is taken, and there is a failure to file the cost bond within the time prescribed, and the appeal is not docketed in this court, and a writ of error is subsequently sued out, docketed and prosecuted, the appeal will be considered as abandoned.

Appeal from District Court, Bernalillo County.

MARRON & WOOD, for Plaintiffs in Error.

The mere fact that out of an abundance of caution a party takes both methods of getting his case heard is in no wise an election nor does it put him to an election. Pullman Palace Car Co. v. Central Trans. Co. 171 U. S. 138;

Huret v. Hollingsworth, 94 U. S. 111; Fowler v. Continental Casualty Co., 124 Pac. 479; Baca v. Anaya, 14 N. M. 20.

WADE & WADE, for Defendants in Error.

"The appellant in case of appeal" * * * "shall file in the office of the clerk of the Supreme Court at least ten days before the return day" * * * "as perfect and complete a transcript of the record and proceedings in the cause as may be necessary to enable the court to properly review it." Sec. 21, chap. 57, laws of 1907; sec. 2, chap. 120, laws of 1909; 2 Cyc. 869; 2 Cyc. 873; Zechendorf v. Zechendorf, 25 Pac. 648; 3 Cyc. 201; 2 Cyc. 844; 2 Cyc. 525; Alviso v. U. S., 18 L. Ed. 492; 154 U. S. 659.

## STATEMENT OF FACTS.

J. G. Dailey and F. F. Villareal, co-partners, instituted suit in the court below against the defendant, Nathaniel C. Foster, to recover the sum of $28,400, and interest. Issue was joined and a trial had and on May 13, 1911, the court entered judgment, dismissing plaintiffs' complaint. Thereafter the plaintiffs prayed an appeal to this court, which was granted on December 30, 1911. Appellants failed to file a cost bond within thirty days, as required by section 14 of chapter 57 of the Session Laws of 1907, but did file such bond on the 14th day of February, 44 days after the appeal was granted. The appeal was never docketed in this court, and on the 23rd day of February, 1912, plaintiffs sued out a writ of error in this court. On February 26, 1912, plaintiffs filed in this court a typewritten transcript of record. On June 27, plaintiffs filed a written request for additional time within which to file the printed transcript of the record, together with a showing by affidavits that it would be impossible to complete the printing of the transcript within the 30 days allowed by the rules of this court. No action was had upon this motion, defendants having filed notice of their desire to be heard upon the same; the hearing was continued until the 1st day of the October session of the court. On

Zac Metal Co. v. Foster, 17 N. M. 377.

June 28, defendants filed a motion to quash the writ of error and to dismiss the cause upon the following grounds:

1st. Because plaintiffs failed to sue out any citation directed to the defendant, citing him to appear in said cause as provided by section 2 of chapter 57 of the session laws of 1907.

2nd. Because of the failure of plaintiffs in error to file and serve upon defendant within 30 days from the time of filing the original transcript of record in the supreme court, or at all, printed copies of the transcript of record as provided by section 4 of rule 13 of the Supreme Court.

3rd. Because of the failure of the plaintiffs in error to file and cause to be served upon defendant, within the time fixed by rules of the court, or within the additional time granted by the court, copies of their printed points and authorities.

On July 25, defendant in error filed in this court a skeleton transcript of the record in the appeal taken by plaintiffs on the 30th day of December, together with a motion to affirm the judgment, on the ground that no transcript had been filed by appellants in said cause and upon the further ground that appellants had failed to file a cost bond within 30 days after taking said appeal.

## OPINION OF THE COURT.

ROBERTS, C. J.—We will first consider the motion interposed by defendant in error to quash the writ of error. The first ground set up in this motion is the failure of the plaintiffs in error to sue out and serve upon defendant in error a citation as required by section 3 of chapter 57 of the session laws of 1907. This section provides in part: "Whenever a writ of error is sued out citation shall be issued by the clerk of the supreme court directing and citing the opposite party to appear and answer such writ." The manner of service is also specified. No citation was sued out or served upon the defendant in error, but the plaintiffs in error contend that defendant has voluntarily appeared in the action, and there-

fore there was and is no necessity for the suing out or service of the citation.

On February 23, after suing out the writ of error, plaintiffs in error filed a motion in this court, asking permission from the court to file and use the transcript of record on file in an appeal case pending in this court, between the same parties, which appeal was prosecuted by the defendant in error.

On March 2, thereafter, defendant in error appeared and filed objections to the request of plaintiffs in error, and denominated his appearance as "special."

Plaintiffs insist that the appearance of February 23, and the appearance at the time of the filing of the motion now under consideration were both general appearances, notwithstanding that each motion or appearance was denominated "special," and that therefore the defendant in error is in court for all purposes in this case.

The purpose of the citation is only to notify the defendant in error that the cause has been removed to the superior tribunal, so that he may appear and protect his rights. It performs, in a measure, the same functions as a summons, issued out of an inferior court, but does not, however, authorize a default judgment.

Cohens v. Virginia, 19 U. S. (6 Wheat.) 264.

If the defendant in error voluntarily appears there can be no good reason advanced for the needless issuance and service of a citation. Defendant, however, insists that the appearance by him made on the two occasions mentioned were "special appearances" and were so denominated. The fact that defendant denominated his appearance "special," does not make it such.

Whether the appearance is general or special is governed by the purpose and object of the appearance.

If the appearance be for the purpose of objecting to the jurisdiction of the court, and is confined solely to the question of jurisdiction, then the appearance is special, but any action upon the part of the defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance. 3 Cyc. 504 and authorities cited under note 28.

In the case of Sanatorium v. Vanston, 14 N. M. 436, the territorial supreme court held that "all objections to the summons were waived by appellant's general appearance when she moved to set aside the default and final judgment upon grounds other than the want of jurisdiction." This case was followed by the present court in an opinion written by Mr. Justice Hanna, in the case of Fowler v. Continental Casualty Co., 124 Pac. 479.

In the motion of March 2nd, and in the present motion, defendant in error recognizes the jurisdiction of this court, and asks affirmative relief. We think therefore, that he has entered a general appearance and that there was and is no necessity for the issuance and service of the citation.

The second ground relied upon by defendant for the dismissal of the writ of error is the failure of the plaintiffs in error to file and to serve upon defendant within thirty days from the time of filing the original transcript of record in this court, copies of the printed transcript of record as required by sec. 4 of rule 13 of this court. Defendant, however, failed to take advantage of the default of plaintiffs until the 28th of June. On the 27th of June plaintiffs filed a motion, asking for an extension of time, and made a proper showing of due diligence. Sec. 4 of rule 13 of this court is as follows: "Ten printed copies of the abstract, points and authorities required by this rule, and of the transcript where the same is required by law to be printed, shall be filed with the clerk, and two copies thereof shall be served upon the adverse party, his attorney or counsel, by the plaintiff in error or appellant, within thirty days after the original transcript of record is filed in the office of the clerk of this court." This rule was adopted for the benefit of the appellant or defendant in error and was designed to enable him to secure a speedy prosecution of the appeal or writ of error, so that the enforcement of his rights might not be delayed and the ultimate determination of the cause might be hastened. 3 By his inaction he may waive the benefit of the rule.

The original transcript was filed with the clerk of this court on the 26th day of February. Within thirty days

thereafter it was incumbent upon the plaintiffs in error to file printed copies of the transcript and briefs and serve the defendant in error as required by the rule. This was not done, but no advantage was taken of the default by the defendant in error, and application was made to this court, upon a showing of due diligence on the part of plaintiffs in error, for an extension of time within which to comply with the rule. After the application was filed defendant in error moved to dismiss for failure to comply with the rule. Under the rule laid down by this court in the case of Gauss-Langenberg Hat Co. v. Raton National Bank, 124 Pac. 794, his application came too late and must be denied. This holding disposes of the third ground relied upon in the motion to quash.

The motion to affirm the judgment in the appeal case must also be denied. Sec. 1, chap 57, S. L. 1907, provides that a person may prosecute and appeal or sue out a writ of error at any time within one year from the date of the entry of any final judgment by the district court. No supersedeas bond was given in the appeal case and the enforcement of the judgment was not stayed. The appellant, through an oversight failed to execute the cost bond within the time prescribed by the statute, and fearing the effect of the failure, he sued out a writ of error. The plaintiffs in error insist, following the rule in the Supreme Court of the United States, that they can proceed both by appeal and error at the same time, but in this they are mistaken. Under the practice in this State no good reason exists for permitting the pursuit of both remedies at the same time. The aggrieved party may pursue either remedy, at his election, in any case, but not so in the United States Supreme Court where he is confined to one remedy to the exclusion of the other, as the nature of the case warrants. The appeal taken by the plaintiffs in error is not pending in this court. It was never docketed and by suing out the writ of error the appeal was abandoned and plaintiffs elected to proceed in error. It is true the authorities are in conflict in regard to the proper practice, but we believe the furtherance of justice requires and will be subserved by this construction. The Supreme Court

of Nebraska has followed this practice, as shown by the following quotation from the case of Slobodisky v. Curtis, 58 Neb. 211: "The second ground of the motion is equally untenable as the one just noticed. It is based upon the fact that the present case was docketed as an appeal. It is claimed that the appeal is still pending and undetermined, and that a party cannot prosecute both error and appeal from the same judgment at the same time. The appeal is not pending. Before the final submission of the case, and within the time limited by law for prosecuting an error proceeding, the present petition in error was filed, which constituted an abandonment of the appeal and an election to proceed in error." This view disposing of the motion to affirm the appeal case, it is unnecessary for us to discuss the effect of the failure to file the cost bond within thirty days from the taking of the appeal. The motion to quash the writ of error and to affirm the case on appeal will be denied and defendant in error will be given thirty days from this date within which to file briefs on the merits.