[No. 3031. Sept. 4, 1925]

## CHRISTIAN v. LOCKHART

### SYLLABUS BY THE COURT

1. In a motion to dismiss appeal, by combining the ground of failure of citation with the ground "that it affirmatively appears from the record herein that said appellant has no interest in the subject-matter of the action, in which the decree appealed from herein was entered," appellee recognizes the appeal, appears generally, and waives citation.

2. Motion to dismiss appeal, on ground "that it affirmatively appears from the record herein that said appellant has no interest in the subject-matter of the action in which the decree appealed from herein was entered," denied, because better practice and more convenient for the court to determine such question when appeal submitted on merits.

3. Under section 36, c. 43, Laws 1917, the trial judge has no power to extend the time for settling and signing the bill of exceptions, unless application therefor is made at least 10 days prior to the return day of the appeal.

4. Under section 36, c. 43, Laws 1917, trial judge has no power to extend the time for settling and signing the bill of exceptions, unless praecipe for record has been filed within 30 days after appeal taken.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by R. V. Christian against Henry Lockhart. Judgment for plaintiff, and defendant appeals. On motion to dismiss appeal and to strike out bill of exceptions. Motion to dismiss appeal denied, and motion to strike out bill of exceptions granted.

See also 29 N. M. 143, 219 P. 490.

E. W. Dobson and Geo. C. Taylor, of Albuquerque, for appellant.

Summers Burkhart, of Albuquerque, for appellee.

### OPINION OF THE COURT

WATSON, J. [1] Appellee has moved to dismiss this appeal upon four grounds, the first three of which relate to the failure of the appellant to take out and serve citation on appeal. The fourth ground is as follows:

"That it affirmatively appears from the record herein that said appellant has no interest in the subject-matter of the action in which the decree appealed from herein was entered."

Appellant contends that, by including this fourth ground in his motion, appellee has appeared generally and has, therefore, under our decisions, waived citation. We think the point well taken. Dailey v. Foster, 17 N. M. 377, 128 P. 71; Crowell v. Kopp, 26 N. M. 146, 189 P. 652; Noble v. McKinley Land & Lbr. Co., 30 N. M. 294, 232 P. 525.

[2] Appellee argues that it was not his intention to urge this fourth ground as a basis for his motion to dismiss the appeal, but rather thereby to point out that it would be fruitless to permit citation to issue and to be served after the return day, as was done in Childers v. Lahann, 18 N. M. 487, 138 P. 202. no doubt this is what counsel had in mind. However, having been set forth in the motion as a ground for dismissal, even though inadvertently, it would seem to constitute a recognition of the appeal, a general appearance, and a waiver of citation within our former holdings. We are compelled to this view, because counsel in the argument and in the brief still urges this ground in support of his motion. While we might, no doubt, at this time, examine the record for the purpose of deciding the question raised, we think it better practice, and it better meets the convenience of the court, to determine it when the appeal is submitted on the merits. Appellee also submits a motion to strike the bill of exceptions. The appeal was allowed August 23, 1924. The bill of exceptions was signed and settled January 23, 1925, some time after the return day. Praecipe for record was filed September 29, 1924, more than 30 days after the allowance of the appeal. On application, made less than 10 days before November 21, 1924, the return day, the trial court, by order dated November 15, 1924, attempted to extend the time for settling and signing the bill of exceptions until January 1, 1925, and, upon application made less than 10 days before January 1, 1925, the trial court, by order dated December 23,

1924, attempted to extend the time for settling and signing the bill of exceptions until February 1, 1925.

[**3, 4**]  Appellee contends that the several orders extending the time for signing and settling the bill of exceptions were made without jurisdiction and are void under section 36, c. 43, Laws of 1917, for two reasons: First, that the section prohibits any such extension "except application for such extension shall have been made at least 10 days prior to the return day," and second, that the section prohibits any such extension, "unless it shall appear from the record and files in the office of the clerk of the district court that the appellant or plaintiff in error has filed or caused to be filed in the office of the clerk of the district court, within 30 days after appeal taken or writ of error sued out, his praecipe for the record on appeal or error as the case may be, and has ordered the transcribing of the testimony, to be included in his bill of exceptions."

Both points seem to be well taken.  As to the first see Puritan Mfg. Co. v. Toti, 16 N. M. 1, 113 P. 624; Costilla L. Co. v. Allen, 17 N. M. 343, 128 P. 79; State ex rel Divelbiss v. Raynolds, 17 N. M. 662, 132 P. 249; Pople v. Orekar, 22 N. M. 307, 161 P. 1110. As to the second, see Security Ins. Co. v. City of Socorro, 25 N. M. 200, 179 P. 748; Stroup et al. v. Frank A. Hubbell Co., 25 N. M. 525, 184 P. 976.

Appellant by affidavit attempts to justify his failure to make timely application for the extensions. Even if such showing could be considered, which we do not decide, no excuse is shown for failure to file the praecipe within 30 days after allowance of the appeal, except that appellant had no reason at that time to suppose that it would be necessary for him to make application for the extensions.  In view of the prohibitory language employed, and of the evident purpose of the statute to require diligence in the perfecting of appeals, as pointed out in our former decisions, such excuse could not justify the failure, even if it were admitted that any showing could be considered.  To

hold otherwise, we must ignore the statute and the former decisions.

For the reasons stated, the motion to dismiss the appeal will be denied, and the motion to strike the bill of exceptions will be granted, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.