HILO FINANCE AND THRIFT COMPANY, LIMITED, *v.* AMOS DE COSTA AND THE VON HAMM-YOUNG COMPANY, LIMITED.

No. 2273.

SUBMITTED JULY 25, 1936.     DECIDED DECEMBER 18, 1936.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is a motion by the defendants in error to quash a writ of error on the ground that the bond which was filed was not in compliance with the provisions of chapter 100, R. L. 1935.

The plaintiff in error filed its bond on March 19, 1936, and four days later on March 23 filed its application for a writ of error. The writ was issued on the same day that the application was filed. The present motion was filed on July 20, 1936.

It is contended by the movants that the bond, having been filed prior to the application for the writ (and hence before the instant case was lodged in this court), was in effect no bond at all for the reason that there was nothing pending in this court upon which it could operate.

Even conceding the abstract soundness of this contention we think for reasons presently appearing that the movants are not in a position to avail themselves of it. It appears from the record that on several separate occasions they entered general appearances the effect of which was to waive all irregularities in the bond and even to waive the filing of any bond. That a party may waive the filing of a bond as required by section 3556, R. L. 1935, was decided by this court in *Territory* v. *I.-I. S. N. Co.,* 33 Haw. 890. In that case the parties stipulated that the plaintiff in error might deposit with the clerk of the supreme court a certified check in lieu of the statutory bond. It was held that the filing of the bond was a procedural and not a jurisdictional matter and therefore could be waived. Speaking on this subject the court said (pp. 893, 894) : "After careful study of the question the court reached the conclusion that the statutory bond was a procedural and not a jurisdictional matter and hence could be waived."

On April 1, 1936, the parties entered into the following stipulation: "It is hereby stipulated and agreed by and between the parties to the above entitled cause that the

record heretofore filed in the cause entitled Hilo Finance and Thrift Company, Limited, vs. Amos De Costa and The von Hamm Young Company, Limited, being No. 2266 on appeal from the decree of the Circuit Judge of the Fourth Judicial Circuit, may become the record in the present cause upon writ of error." The stipulation bears the signatures of the attorneys for the plaintiff in error and the attorneys for the defendants in error and the approval of the chief justice. By entering into this stipulation, which is a part of the record in the instant case, the defendants in error made a general appearance. In *Price* v. *Pittsburgh, Fort Wayne & Chicago R. R. Co.*, 40 Ill. 44, an appeal was allowed upon the condition that an appeal bond be filed within ten days. It was not filed until the eleventh day. Counsel for the parties then filed a written stipulation agreeing that the abstract of the record as amended should be considered as the correct abstract. Subsequent thereto the appellee moved to dismiss the appeal on the ground that the bond was not filed within the time fixed by the court. The court held that the stipulation constituted a general appearance by the appellee and a waiver of the objection that the appeal bond was filed too late. Speaking on this subject the court said (pp. 44, 45) : "It was held in *Carson* v. *Merle et al.* 3 Scam. 168, that where an appeal is granted upon the parties filing a bond within a designated time, the failure to file the bond within the time fixed by the court, will be ground for dismissing the appeal upon motion. But such motion must be made in apt time; it comes too late after an appearance. In this case, the stipulation filed by the parties must be regarded as an appearance, and therefore a waiver of the objection taken to the time of filing the appeal bond."

It also appears in the record that stipulations dated April 22, May 9, May 23, June 6, June 30 and July 10, 1936, and signed by the attorneys for the defendants in

error show that the latter consented to extensions of time in which the plaintiff in error might file its opening brief. In entering into these stipulations the defendants in error did not qualify or in any way limit their appearance to a specific purpose. Each of these acts therefore constituted a general appearance the effect of which was to waive whatever right may have existed to challenge the sufficiency or validity of the bond.

In *Noble* v. *McKinley Land & Lumber Co.,* 232 Pac. (N. M.) 525, it is held that a consent extending the time for the filing of a brief is a general appearance and a waiver of the necessity of a citation. That case involved a motion to dismiss an appeal on the ground that no citation had been issued or served. Prior to the motion counsel for the appellee gave a written consent to extend the time for the filing of appellant's brief. In denying the motion the court said: "That a general appearance waives citation has been decided a number of times by this court. Dailey v. Foster, 17 N. M. 377, 128 P. 71; Childers v. Lahann, 18 N. M. 487, 138 P. 202. In Dailey v. Foster, supra, citing 3 Cyc. 504, it was said: 'Any action upon the part of the defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance.' In State ex rel. v. Huller, 23 N. M. 306-330, 168 P. 528, 1 A. L. R. 170, the same rule is announced, as, also, in Crowell v. Kopp, 26 N. M. 146, 189 P. 652. There can be no question that the instrument [the written consent] above set forth constitutes a recognition of the appeal, and hence was a general appearance on the part of the appellee."

*Canavan* v. *Canavan,* 18 N. M. 468, was a case in which the stipulation, the terms of which are not given, was held to be a general appearance and as such waived the time requirement for the filing of the statutory cost bond. In that case after a writ of error was sued out the attorneys

for the defendant in error entered into a stipulation with the attorneys for the plaintiff in error. Thereafter the former moved to dismiss the case on the ground of the failure of the latter to file a cost bond within the time provided by the statute. Subsequently plaintiff in error applied for leave to file a cost bond. The court denied the motion and permitted the plaintiff in error to file the bond. In doing so the court said: "The terms of the stipulation are not material to a decision of the question now before the Court. The fact that it was entered into and filed, however, is important, because thereby defendant in error necessarily entered a general appearance in the cause, in this Court; such stipulation not being limited in this regard." After deciding that the filing of a cost bond within the time specified by the statute was not a jurisdictional matter and that the bond was merely for the protection of the defendant in error the court said: "This being true, there would seem to be no good reason why the appellee or defendant in error could not waive the bond. And he does waive the default when he appears and interposes no objection to the irregularity. * * * When defendant in error signed the stipulation before mentioned, she recognized the case as pending in this Court, and thereby elected to waive the statutory requirement that a cost bond should be filed, for her benefit and protection. She had the right to move for the dismissal of the cause for such failure, but elected not to do so, and recognized the efficiency [sufficiency] of the proceedings by which the appeal had been effected. After doing so it was too late for her to attempt to raise the question."

It also appears from the record that on April 14, 1936, the defendants in error filed the following motion which was denied: "Come now Amos De Costa and The von Hamm-Young Company, Limited, defendants-in-error

herein, by Irwin & Harlocker, their attorneys, and respectfully move that the writ of error heretofore issued out of this Court and Cause be dismissed upon the ground that no brief has been filed by the plaintiff-in-error within fifteen (15) days after this case had been placed on the calendar of this Court, as required by Paragraph I of Rule 3 of this Court. This Motion is based upon the papers and record on file herein." There is nothing in the motion to indicate that the movants were appearing specially. We think therefore that by this motion also they made a general appearance and thereby waived all procedural defects, if any, in the present appeal.

For the foregoing reasons the motion is denied.

*Irwin & Harlocker* for the motion.

*Carlsmith & Carlsmith* contra.

Coke, C. J., concurs in the result.