192 P.2d 307

GUTHRIE v. THRELKELD CO. et al.
No. 5079.

Supreme Court of New Mexico.
April 12, 1948.

W. C. Whatley and T. K. Campbell, both of Las Cruces, for appellants.

A. L. Carlton and J. H. McBroom, both of El Paso, and J. Benson Newell, of Las Cruces, for appellee.

McGHEE, Justice.

The appellee filed a claim under the Workmen's Compensation Act in the District Court of Dona Ana County for an injury sustained while working as a cook for a construction crew on a moving train between Dawson, New Mexico, and Tucumcari, New Mexico. We will refer to the parties as they appeared in the trial court.

The defendants joined in the following answer:

### Answer

"Come the defendants, Threlkeld Company, a corporation, and Hartford Accident and Indemnity Company, a corporation, and for answer to complaint herein, state:

"1. That the plaintiff and defendants herein are non-residents of the State of New Mexico and the alleged injury suffered by the plaintiff was, if at all, received as the result of a claimed accident occurring in either Quay County or Colfax County, New Mexico, and therefore this Court is without jurisdiction to try the issue tendered

and the venue is in either Quay or Colfax County, New Mexico.

"And further answering, said defendants state:

"1. That they admit that plaintiff was on the date alleged an employee of the defendant Threlkeld Company.

"2. That they deny each and every other allegation contained in the complaint.

"Wherefore, defendants pray that said complaint be dismissed and that they recover the cost herein expended by them."

The trial court overruled the plea to the jurisdiction and venue on the ground that by answering to the merits the defendants had entered their general appearance. The defendants then asked for a jury trial and the jury found that the plaintiff had received a compensable injury, and that she was totally and permanently disabled as a result thereof.

The sole error assigned by the defendants is the overruling of their plea to the jurisdiction on the ground that the venue of the case was in either Quay or Colfax county.

The applicable venue statute is Sec. 57-915, 1941 N.M.S.A., as amended by Laws of 1943, Ch. 15, Sec. 1, and reads:

"In the event that an employer has filed in the office of the clerk of the district court the bond or other undertaking or certificate of court which, as provided, relieves him from the necessity of giving the same, such claim may be filed in the office of the clerk of the district court of any county within the judicial district wherein the occupation or pursuit is carried on in which the workman is employed when injured, as the claimant may elect. In the event the employer has not so filed such bond, undertaking, or certificate, such claim may be filed in the office of the clerk of the district court of any county in the judicial district where the injury occurred or where the claimant or such employer resides, as the claimant may elect, Provided, however, that if the claimant elects to file his claim in any district court of this state, outside the district in which he was injured, a general appearance by all of the defendants in said action shall be considered and treated as a waiver of venue and shall confer upon such court full and complete jurisdiction to hear, try, and adjudicate said matter upon the merits as completely as if the same were filed in a district court of the judicial district in which the injury occurred."

The claim shows on its face that the defendants were nonresidents, that the defendant Hartford Accident and Indemnity Company was the insurer of the employer and that the accident which caused the injury did not occur in Dona Ana County or the Third Judicial District, so that all matters necessary to a determination of the

venue question appeared on the face of the claim.

Was it the intent of the legislature to limit the entry of a general appearance to the voluntary act of the defendants, or did it have in mind the entry of a general appearance as had been defined in our decisions prior to the adoption of the 1943 amendment which contains the provision relating to the general appearance?

In Dailey v. Foster, 17 N.M. 377, 128 P. 71, 72, this court, following the Boulder, Colorado, Sanatorium v. Vanston, 14 N.M. 436, 94 P. 945; and Fowler v. Continental Casualty Co., 17 N.M. 188, 124 P. 479, said:

"If the appearance be for the purpose of objecting to the jurisdiction of the court, and is confined solely to the question of jurisdiction, then the appearance is special; but any action upon the part of the defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance."

We have consistently followed the rule of the Dailey case as will be seen by an examination of the following cases: State, ex rel. v. Huller, 23 N.M. 306, 168 P. 528, 1 A.L.R. 170; Crowell v. Kopp, 26 N.M. 146, 189 P. 652; Luna v. Cerrillos Coal Co., 29 N.M. 647, 226 P. 655; Noble v. McKinley Land & Lumber Co., 30 N.M. 294, 232 P. 525; Christian v. Lockhart, 30 N.M. 484, 239 P. 285.

The district courts have general jurisdiction of all causes not excepted in the constitution, and by legislative act they have exclusive original jurisdiction of the subject matter of claims filed under the Workmen's Compensation Act. The county in which they are to be tried is a mere matter of venue which is waived if not raised. Albuquerque & Cerrillos Coal Co. v. Lermuseaux, 25 N.M. 686, 187 P. 560. For a discussion of the distinction between jurisdiction and venue, see Peisker v. Chavez, 46 N.M. 159, 123 P. 2d 726, and Industrial Addition Association v. Commissioner of Internal Revenue, infra.

The defendants contend that the provisions of our rules of civil procedure apply to pleadings in workmen's compensation cases, and that by the terms of Rule 12 (b), Sec. 19-101 (12) (b), N.M.S.A., it was permissible to join the plea of improper venue with a plea to the merits. They overlook our statement in Hudson v. Herschbach Drilling Co., 46 N.M. 330, 128 P. 2d 1044, that these workmen's compensation acts are sui generis and create rights, remedies and procedure which are exclusive; that they are in derogation of the common law and are not controlled or affected by our rules of procedure in suits at law or actions in equity, except as provided therein.

Our Rule 1. excepts special statutory and summary proceedings where ex-

isting rules are inconsistent therewith. So far as pleadings are concerned, the Workmen's Compensation Act is complete in itself and the provisions thereof have not been modified by our rules. By its terms the only pleading allowed on the part of a defendant is an answer, and an amendment to the claim or answer may only be made by leave of the trial court at or before any hearing, and then only on such terms as may be allowed by the court. Sec. 57-913, 1941 N.M.S.A. This provision imposes on a defendant the burden of pleading his legal defenses and his plea to the merits in his answer, or take his chances on being allowed to later plead to the merits if the trial court holds that his legal exceptions are not well taken.

Our long line of decisions holding that any appearance of the defendant, except to question the jurisdiction of the court, constituted a general appearance, must have been known to the legislature when it enacted Sec. 1 of the 1943 Act, supra, and if it had intended that the claim might be filed and judgment rendered thereon in any county only upon the free consent of the parties, it should have used apt language to express such intent. For an example of such legislation, see Industrial Addition Association v. Commissioner of Internal Revenue, 323 U.S. 310, 65 S.Ct. 289, 89 L.Ed. 260.

Indeed, the language of the statute, viz., that "a general appearance by all of the defendants * * * shall be *considered and treated* as a waiver of venue," more especially the portion thereof which we have underscored, is suggestive of a legal consequence quite independent of intent or desire. Cf. Salazar v. Garde, 37 N.M. 352, 23 P.2d 370.

The defendants had a good plea under their first defense. Instead of standing on it they chose to also plead to the merits, and, we must hold, thereby entered their general appearance. In view of the finding of general disability by a jury and the judgment rendered thereon, they will have to pay the plaintiff the amount of the judgment and interest, plus a fee of $400 to her attorneys for their services in this court.

The judgment is affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.