[No. 2296, March 11, 1919.]
## SECURITY INS. CO. v. CITY OF SOCORRO.

### SYLLABUS BY THE COURT.

1.   Section 36, c. 43, Laws of 1917, interpreted and held to prevent the extension of time to settle bills of exceptions unless a praecipe for the record on appeal or error shall have been filed in the clerk's office within the time prescribed.

P. 201

2. Where assignments of error relate only to matters shown by the bill of exceptions, and which bill has been stricken from the record, there is nothing before the court of which appellant complains, and the judgment will be affirmed on motion.                                    P. 203

Appeal from District Court, Bernalillo County; Raynolds, Judge.

Action between the Security Insurance Company and the City of Socorro. Judgment for the company, and the city appeals. Bill of exceptions ordered stricken from the record, and judgment affirmed, and cause remanded.

CATRON & CATRON, of Santa Fe, and M. C. SPICER, of Socorro, for appellant.

JAMES G. FITCH, of Socorro, for appellee.

## OPINION OF THE COURT.

PARKER, C. J. [1.] Section 36, c. 43, Laws 1917, provides that a trial judge, or his successor, or, in the absence from the state of the trial judge, any other district judge, or, in the absence from the district of the trial judge, any other district judge designated by the Chief Justice may extend the time for settling and signing bills of exception, provided that application therefor shall have been made at least 10 days prior to the return day of the appeal or writ of error. The section contains the further proviso:

"Provided, further, that no such extension of time for settling and signing the bills of exceptions shall be granted unless it shall appear from the record and files in the office of the clerk of the district court that the appellant or plaintiff in error has filed or caused to be filed in the office of the clerk of the district court, within thirty days after appeal taken or writ of error sued out, his praecipe for the record on appeal or error as the case may be, and has ordered the transcribing of the testimony, to be included in his bill of exceptions."

On June 5, 1918, the appellant prayed an appeal to this court, which was granted on the 6th day of June,

1918. The transcribing of the testimony had been ordered and obtained by the appellant on May 27, 1918, and prior to taking out of the appeal. The transcript was filed on the 26th day of July, 1918. The last day upon which appellant could have the bill of exceptions settled was August 25, 1918. The judge who tried the case was absent from the state, and counsel for appellant, fearing that the court would not return to the state in time, presented a motion to another district judge for an extension of time within which to sign and settle the bill of exceptions. The district judge who tried the case did not return to the state until September 3, 1918; whereupon he signed and settled the bill of exceptions within the time as extended by the other district judge. In the meantime, however, no præcipe for the record was filed in the district court until August 12, 1918, more than 30 days after the granting of the appeal.

Appellee has moved to strike from the record the bill of exceptions upon the ground that under the provisions of section 36 of chapter 43, above set out, the district judge had no power to extend the time for signing and settling the bill of exceptions, there having been .no praecipe filed as required, and the signing and settling of the bill of exceptions on September 3, 1918, was, consequently, without authority and void.

There seems to be little argument against this contention. The statute is mandatory in terms and is evidently designed by the Legislature to prevent delays in perfecting appeals when the appellant has, as a matter of fact, no intention of prosecuting the same with diligence and effect. The statutes formerly placed no such restrictions upon the power of the district court to extend the time for settling and signing bills of exceptions. But this act, prepared, as it was by the Bar Association of New Mexico, discloses an evident intent on the part of the profession, and consequently on the part of the Legislature, that when appeals are taken they must be prosecuted with diligence and that otherwise the appellee may

speedily take the judgment of this court upon the record proper.

It follows that the motion of appellee to strike out the bill of exceptions is well taken.

[2] Appellee has also moved for an affirmance of the judgment for the reason that all of the assignments of error filed by appellant are predicated solely upon the rulings of the district court at the trial, which are purported to be shown in said bill of exceptions. This motion must likewise be sustained. There is nothing before this court, after the bill of exceptions has been stricken out, of which the appellant complains, and the judgment therefore is presumed to be correct.

It follows from the foregoing that the bill of exceptions should be stricken from the record, and the judgment of the court below should be affirmed, and the cause should be remanded to the district court, with instructions to carry into effect its judgment, and it is so ordered.

ROBERTS, J., concurs.

RAYNOLDS, J., being disqualified, did not participate in this decision.