(No. 3013.    October 1, 1925.)

WELLS v. COE et al.

### SYLLABUS BY THE COURT

1. Trial judges are without jurisdiction to extend time for settling and signing bills of exceptions, unless it shall appear from the records and files in the office of the clerk of the district court that the appellant or plaintiff in error has, within 30 days after appeal taken or writ of error sued out ordered the transcribing of the testimony, to be included in his bill of exceptions.

2. Where all assignments of error relate to matters shown only by bill of exceptions, and the latter is stricken, judgment affirmed.

Error to District Court, Lincoln County; Ed. Mechem, Judge.

Action by Mrs. Martha Wells against Will T. Coe and wife and others. Judgment for defendants, and plaintiff brings error, and defendants move to strike plaintiff's bill of exceptions. Motion sustained and judgment affirmed.

W. T. Brothers, of El Paso, Tex., for plaintiff in error.

A. H. Hudspeth, of Carrizozo, for defendants in error.

### OPINION OF THE COURT

WATSON, J. The writ of error in this case was sued out November 11, 1924. January 27, 1925, an order was made by the district judge extending the time for settling the bill of exceptions, which was finally settled February 27, 1925. The transcripts were filed in this court March 17, 1925.

Defendant in error moves to strike the bill of exceptions on the ground that the extension was unauthorized, because it did not appear from the record and files in the office of the clerk of the district court that within 30 days after the writ of error was sued out the plaintiff in error had "ordered the transcribing of the testimony, to be included in his bill of exceptions." Section 36, c. 43, Laws of 1917.

There is nothing in the record before us to show that the stenographer was ever ordered to transcribe his notes. The praecipe, filed November 18, 1924, covers merely the record proper.

In Security Ins. Co. v. City of Socorro, 25 N. M. 200, 179 P. 748, it was held that failure to file praecipe within 30 days was fatal to the jurisdiction to extend time. There was pointed out the purpose of the statute to require diligent prosecution of appeals. In this case, however, the praecipe for the record proper was filed in time. The fault is in failing to order the transcribing of the testimony. The effect of such failure has not been decided.

Plaintiff in error urges that the statute does not, in terms, require the order for the transcribing of the testimony to be in writing, nor require the filing of the original or a copy of such order in the clerk's office, and that it would be illogical, in the praecipe filed with the clerk, to call for a bill of exceptions not up to that time settled or filed.

[**1**] Whenever review is sought involving questions raised at the trial, two things are necessary before the transcript can be filed here. The clerk must transcribe the record proper, and the stenographer must transcribe the proceedings of the trial. Delay is likely to occur in either. The same reason exists for setting the stenographer in motion as in the case of the clerk. We cannot impute to the Legislature an intent to require no diligence or show of diligence in the one case, while providing so strictly in the other. Counsel for plaintiff in error, while insistent that the proviso does not require record showing of the ordering of the transcript, makes no suggestion as to any other reason for its incorporation in the statute. As interpreted and acted upon in this case, it is a nullity. Counsel, in applying for the extension, did not even state that he had ordered the transcript of the testimony. To adopt counsel's view would destroy the statute. The two requirements complement each other to effect a practical and useful result. If one fails the other is valueless. While the proviso is not framed with entire grammatical precision, we think it is clearly apparent that the record and files must show the ordering of the stenographer's transcript.

It is the office of the praecipe to instruct the clerk exactly what to include in the transcript to be filed here. If, when the praecipe is filed, the bill of exceptions has not been settled, it may be referred to as "the bill of exceptions hereafter to be settled and to be included when filed," or in equivalent language. Such is the usual practice, and it seems unobjectionable.

The motion to strike the bill of exceptions must be sustained.

[**2**] Defendant in error further moves for an affirmance of the judgment, because the errors assigned relate to matters shown only by the bill of exceptions, citing Security Ins. Co. v. City of Socorro, supra. Plaintiff in error does not contest this point, and it seems to be well taken.

The judgment will therefore be affirmed, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.