345 P.2d 418

E. C. FLINN, d/b/a New Mexico Builders Supply, Plaintiff-Appellee,

v.

Wilbert E. BURROW, Defendant-Appellant.

No. 6554.

Supreme Court of New Mexico.

Oct. 22, 1959.

George L. Zimmerman, Alamogordo, for appellant.

C. C. Chase, Jr., Alamogordo, for appellee.

LUJAN, Chief Justice.

The time provided for filing appellant's praecipe for record in an appeal allowed in this case expired on February 16, 1959. The praecipe was filed on February 17, 1959. Thereafter, on the same day, appellee filed a motion to dismiss the appeal. A few days

later the court entered its order dismissing the appeal on the ground "that the failure to file the praecipe within 30 days from the date the order allowing appeal was filed is a jurisdictional matter." This appeal challenges the correctness of that order.

The provision for filing of praecipe is contained in the first paragraph of Subdivision 1 of Rule 12, as follows:

"Within thirty days after entry of an order allowing an appeal, or after issuance of a writ of error, the appellant or plaintiff in error shall file with the clerk of the district court a praecipe wherein he shall specify (1) such parts of the record proper as he may desire to have included in the transcript, and (2) such, if any, of the proceedings in the cause as he may desire to have settled as a bill of exceptions; and shall, if he desires a bill of exceptions, furnish a copy of such praecipe to the court stenographer; and shall make satisfactory arrangements with the clerk and with the court stenographer, respectively, for the payment of their compensation; filing, as evidence of such satisfactory arrangements, the respective certificates of the clerk and the court stenographer."

Our Rule 13, subd. 7, provides:

"The judge who tried the cause, or any other district judge by him or by the Chief Justice, by order, designated, or any judge sitting for the trial judge, shall have power to settle, sign and seal the bill of exceptions or case stated, and to extend the time therefor and for filing transcript in the Supreme Court. Such power may be exercised at any place within the state. Provided that if the appellant or plaintiff in error shall have failed to comply with any of the requirements of the first paragraph of Section 1 of Rule 12, such extension of time may be granted only on showing of good cause and diligence; and Provided Further, with respect to appeals, that if the appellee shall have already taken advantage of such failure by filing a motion to dismiss the appeal, such extension may be granted only on notice to the appellee with an opportunity to be heard."

The provisos in Rule 13, subd. 7, were promulgated by amendment at the same time we amended the first paragraph of Rule 12, subd. 1, and the two amendments went into effect at the same time.

Failure to make timely filing of the praecipe is significant only when the appellant or plaintiff in error desires an extension of time under Rule 13, subd. 7. In this regard, the effect of our rules is the same as that which existed under Laws 1917, Chapter 43, Section 36, considered in Williams v. Kemp, 1927, 32 N.M. 233, 252 P. 1000. Under present rules the significance of the failure is that the extension of time for settling, signing and sealing the

212

bill of exceptions or case stated, or for filing the transcript of record, may be granted only on a showing of good cause and diligence. An appellee who has moved dismissal of an appeal on the ground of such failure must be given notice and opportunity to be heard on the request for extension.

The proceedings are remanded to the district court with direction to enter an order denying the motion to dismiss.

It is so ordered.

McGHEE, COMPTON, CARMODY and MOISE, JJ., concur.