345 P.2d 746

**ALAMOGORDO FEDERAL SAVINGS & LOAN ASSOCIATION, a corporation, Plaintiff-Appellee,**

**v.**

**S. C. SNOW, Marie Snow, his wife, The Alamogordo Improvement Company, a corporation, Alamo Lumber Company (NSL), a corporation, The United States of America, and all unknown claimants of interest in the premises described in the Complaint, adverse to the plaintiff, Defendants-Appellants.**

**No. 6577.**

Supreme Court of New Mexico.

Oct. 27, 1959.

E. Forrest Sanders, William W. Bivins, Garland & Martin, Las Cruces, for appellants.

Shipley, Seller & Whorton, Alamogordo, for appellee.

COMPTON, Justice.

Appellants, S. C. Snow and Marie Snow, his wife, complain of the action of the trial court in dismissing their appeal to this court for failure to comply with the provisions of § 21–2–1(12) (1), 1953 Comp., as amended, Rule 12, subd. 1, our Supreme Court Rules, which reads:

"Within thirty days after entry of an order allowing an appeal, or after issuance of a writ of error, the appellant or plaintiff in error shall file with the clerk of the district court a praecipe wherein he shall specify (1) such parts of the record proper as he may desire to have included in the transcript, and (2) such, if any, of the proceedings in the cause as he may desire to have settled as a bill of exceptions; and shall, if he desires a bill of exceptions, furnish a copy of such praecipe to the court stenographer; and shall make satisfactory arrangements with the clerk and with the court stenographer, respectively, for the payment of their compensation; filing, as evidence of such satisfactory arrangements, the respective certificates of the clerk and the court stenographer."

Judgment was entered September 19, 1958. On October 15, 1958, an order allowing an appeal to this court was entered. Thereafter, on November 18, 1958, appellee moved for a dismissal of the appeal on the grounds stated. At a hearing on the motion, the appeal was dismissed and appellants, the Snows, appeal from the order of dismissal.

Admittedly, appellants had not filed a praecipe with the clerk of the district court specifying the record they desired to have included in the transcript and settled as a bill of exceptions, nor filed in the cause certificates showing satisfactory arrangements had been made with the clerk and court stenographer for their compensation, as required by the rule; however, such failure did not deny the right of appeal. Compare Stroup v. Frank A. Hubbell Co., 25 N.M. 525, 184 P. 976; Security Ins. Co. v. City of Socorro, 25 N.M. 200, 179 P. 748. This case is not unlike the recent case of Flinn v. Burrow, 66 N.M. 210, 345 P.2d 418, and on authority of this case, the cause will be remanded to the lower court with direction to enter an order denying the motion to dismiss.

It is so ordered.

LUJAN, C. J., and McGHEE, CARMODY and MOISE, JJ., concur.